MICHAEL HOGAN, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

NEGLIGENCE — FALL OF IRON FROM ELEVATED RAILROAD STRUCTURE — PRESUMPTION. Proof of the falling of a piece of iron from an elevated railroad structure in a city street, upon a person lawfully traveling the street, raises the presumption of negligence on the part of the railroad company, and unless rebutted warrants the direction of a verdict against the company, leaving the question of damages only for the jury, in an action brought to recover damages for a personal injury suffered thereby.

*Hogan* v. *Manh. Ry. Co.*, 6 Misc. Rep. 295, affirmed.

(Argued March 13, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 29, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellant. The case involved questions of fact for the jury. (*Losee* v. *Buchanan*, 51 N. Y. 476; *Cosulich* v. *S. O. Co.*, 122 N. Y. 118; *Reiss* v. *N. Y. S. Co.*, 128 N. Y. 103; *Volkmar* v. *M. R. Co.*, 134 N. Y. 418; *Mullen* v. *St. John*, 57 N. Y. 567; *Cahalin* v. *Cochran*, 1 N. Y. S. R. 583; *Kearney* v. *L. R. Co.*, L. R. [5 Q. B.] 411; *Byrne* v. *Boadle*, 2 H. & C. 722; *Wiedmer* v. *N. Y. E. R. R. Co.*, 114 N. Y. 462; *Smith* v. *Coe*, 55 N. Y. 678.) The ruling taking the question of liability from the jury was not procured or induced by the defendant. (*Haines* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 235.)

*G. Washbourne Smith* for respondent. The denial of defendant's motion to dismiss the complaint was proper. (*Goll* v. *M. R. Co.*, 125 N. Y. 714; *Volkmar* v. *M. R. Co.*, 134 N. Y. 418; *Lowery* v. *M. R. Co.*, 99 N. Y. 158; *Mullen*

v. *St. John*, 57 N. Y. 567 ; *Lyons* v. *Rosenthal*, 11 Hun, 46 ; *Scott* v. *L. D. Co.*, 3 H. & C. 596 ; *Byrne* v. *Boadle*, 2 H. & C. 722 ; *Kearney* v. *L. R. R. Co.*, L. R. [5 Q. B.] 411 ; *Kidder* v. *Stevens*, 60 Cal. 419; 1 S. & R. on Neg. [4th ed.] §§ 59, 60.) The court did not err in directing a verdict for the plaintiff, leaving only the question of damages to the jury. (*Ormes* v. *Dauchy*, 82 N. Y. 443 ; *Dillon* v. *Cockcroft*, 90 N. Y. 649 ; *O'Neill* v. *James*, 43 N. Y. 84 ; *Vil. of Port Jervis* v. *F. Nat. Bank*, 96 N. Y. 550 ; *Banker* v. *Knibloe*, 69 Hun, 539 ; *Sutter* v. *Vanderveer*, 122 N. Y. 652 ; *Kirtz* v. *Peck*, 113 N. Y. 222 ; *Stratford* v. *Jones*, 97 N. Y. 586 ; *Mayer* v. *Dean*, 115 N. Y. 556 ; *Provost* v. *McEncroe*, 102 N. Y. 650.) The plaintiff should be given ten per cent damages for delay, under section 3251, subdivision 5, of the Code of Civil Procedure. (*Reid* v. *Mayor, etc.*, 139 N. Y. 538 ; *Wright* v. *Sanders*, 3 Keyes, 323 ; *Cohen* v. *Mayor, etc.*, 128 N. Y. 594 ; *Johnson* v. *L. I. R. R. Co.*, 144 N. Y. 719.)

Bartlett, J. The plaintiff sues to recover damages for personal injuries received while driving a coal cart under defendant's elevated railway, erected over Third avenue in the city of New York, by an iron bar, about two and a half feet long, falling upon him from the structure inflicting a serious wound in his leg.

The plaintiff swore several witnesses, but the defendant gave no evidence. At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to establish a cause of action by showing any negligence on the part of the defendant. This motion was denied. The plaintiff's counsel then moved that the court direct a verdict for the plaintiff, and leave the question of damages only for the jury.

The motion was granted against the objection of defendant and exception was duly taken.

The defendant now insists that it was error for the trial judge to direct a verdict, as there were questions of fact for the jury.

We think the case was properly disposed of at the trial for the reason that the undisputed evidence raised a presumption of negligence against the defendant.

A verdict for the defendant on the record as it stands would be set aside as contrary to the evidence.

The plaintiff swears that while driving along under defendant's structure he heard an iron rumble overhead, and an instant later a bar of iron struck him in the leg; that after he was hurt he saw men on the structure wearing workingmen's clothes; that they had bars of iron, hammers and tools in their hands; that they were working up there; that one of them after the accident came down an elevated pillar, picked up the iron bar and took it back upon the structure.

Two witnesses who happened to be passing along the street at the time of the accident were sworn.

The first of these heard what he described as a clattering noise on the bed of the elevated railway, saw the bar of iron strike the plaintiff, and a man in working clothes descend from the structure by the pillar, pick up the bar of iron and take it back with him. The other witness did not see the accident, but saw the workingman come down one of the columns of the elevated railroad, pick up a piece of iron and carry it with him up another column.

It is a well-settled rule of law that if a person erects a building, bridge, or other structure, upon a city street or an ordinary highway he is under a legal obligation to take reasonable care that nothing shall fall into the street and injure persons lawfully there. This being so it is further assumed that buildings, bridges and other structures properly constructed, do not ordinarily fall upon the wayfarer; so also if anything falls from them upon a person lawfully passing along the street or highway the accident is *prima facie* evidence of negligence, or, in other words, the presumption of negligence arises. (*Mullen* v. *St. John*, 57 N. Y. 567 and cases cited; *Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418 and cases cited.)

4

The plaintiff sustained the burden of proof and it was incumbent upon the defendant to offer evidence, if any existed, to rebut the presumption of negligence.

The judgment appealed from should be affirmed, with costs. All concur, except HAIGHT and VANN, JJ., dissenting.

Judgment affirmed.