FRANK DITTIGER, Appellant, *v.* ISAL REALTY CORPORATION, Respondent.

Argued April 21, 1943; decided June 10, 1943.

*Isidor Enselman* and *Gustave G. Rosenberg* for appellant.

*Frederick Mellor* for respondent.

DESMOND, J. Plaintiff's intestate was employed by a painting contractor who had been engaged to decorate a vacant apartment in defendant's building. Part of the plaster ceiling of the apartment fell on plaintiff's intestate, injuring him. In this negligence action, the jury found a verdict against defendant but the Appellate Division reversed the judgment on the law, and dismissed the complaint. There was no testimony from either party as to the cause of the descent of the plaster and no showing of any prior actual or constructive notice to defendant, of any defect. No excuse or explanation was offered by defendant. As to the condition of the ceiling before the plaster fell, we have only the testimony of another painter, who was working with plaintiff's intestate on the job and who, called by defendant, said that "it just looked as any other ceiling in the house would, just a normal ceiling." The injured man (who has died since the trial) testified that, as he, for the first time, entered the room which was to be painted, carrying paints and other needed materials, a large segment of plaster fell on his head.

The Appellate Division wrote: "plaintiff may not prevail * * * unless the rule of *res ipsa loquitur* applies so as to per-

mit the jury to infer negligence from the mere happening of the accident." (264 App. Div. 279, 282). We agree to that but, unlike the Appellate Division, we think the case is one of those where mere proof of the happening, without any further proof of defendant's default, calls for an explanation from defendant. In other words, we think the doctrine or rule of *res ipsa loquitur* applies here and that defendant failed to explain the accident in such a way as to overcome the case made out by plaintiff's proof of the sudden fall of the plaster. Indeed, as we see it, defendant really offered no excuse or explanation at all.

Traditionally, the courts have used the rule of *res ipsa loquitur* in cases of injuries from falling objects. Most such cases involve injuries to persons walking or driving on public streets. (*Mullen v. St. John,* 57 N. Y. 567; *Goll v. Manhattan Ry. Co.,* 57 N. Y. Super. Ct. 74, affd. 125 N. Y. 714; *Hogan v. Manhattan Ry. Co.,* 149 N. Y. 23; *Kearney v. L. B. & S. C. Ry. Co.,* L. R. 5 Q. B. 411.) This court has been at pains, however, to point out the fallacy of the view that the maxim " is one specially designed for cases in which a traveler is injured while on a public highway, or while he is a passenger in the convey-ance of a common carrier." (*Marceau v. Rutland R. R. Co.,* 211 N. Y. 203, 206.) In *Griffen v. Manice* (166 N. Y. 188, 194, 195), Judge CULLEN made it clear, also, that the applicability of *res ipsa loquitur* does not depend on the relation of the parties, citing the old case of *Green v. Banta* (16 Jones & Sp. 156, affd. 97 N. Y. 627), where, before there was any statute on the subject, the fall of a scaffold was held to be *prima facie* evidence of a master's negligence, in a suit by his employee. *Haefeli v. Woodrich Engineering Co.* (255 N. Y. 442), a case where the arch of a cesspool collapsed and injured a man employed to clean it, was decided on the theory of *res ipsa liqui-tur.* Following those precedents, we find no basis for a with-drawal from the coverage of the rule, of the case now before us. No logical reason and no precedent distinguishes the unexplained fall of a wall (*Mullen v. St. John, supra*) from the unexplained fall of a ceiling. A number of cases, throughout the country, apply the rule of *res ipsa loquitur* to the fall of plaster from a ceiling. (*Morris v. Zimmerman,* 138 App. Div. 114; *Halterman v. Hansard,* 4 Ohio App. 268; *Law v. Morris,* 102 N. J. L. 650; *Mintzer v. Wilson,* 21 Cal. App. 2d 85; *Bonita Theatre v. Bridges,*

31 Ga. App. 798, *contra*, see *Thompson* v. *Cooles*, 37 Del. 83.) *Slater* v. *Barnes* (241 N. Y. 284), is no contrary authority since there, as Chief Judge Hiscock explains, the apartment in which the plaster fell was not under the control of the defendant landlord but was rented to, and occupied by *plaintiff*. " He [defendant] was not in possession of the premises or at a post of observation and, therefore, when the trial judge erroneously imposed upon him this duty of explanation of something which happened beyond the realm of his observation or control, he in effect instructed the jury to find a verdict against him." (*Slater* v. *Barnes, supra,* at p. 287, see *Sandler* v. *Garrison*, 249 N. Y. 236, 238.) In the present case the apartment had been vacant, and so in defendant's control and under its observation, for the better part of a month. Our holding that this is a *res ipsa loquitur* case imposes on the owner no intolerable burden of absolute liability. It means only that defendant was put to the necessity of coming forward with an explanation of the accident so as to overcome the implications resulting from plaintiff's proof. Defendant was not foreclosed from showing the age of the plaster and the probable duration of its useful life, or the method of its application, or of describing such inspection as had been made, or of pointing to facts showing that inspection was not reasonably called for. (See *Lenz* v. *Aldrich,* 6 App. Div. 178, affd. 154 N. Y. 753; *Flood* v. *Western Union Telegraph Co.,* 131 N. Y. 603; *Volkmar* v. *Manhattan Ry. Co.,* 134 N. Y. 418; *Foltis, Inc.* v. *City of New York,* 287 N. Y. 108, 112.) Testimony by the other painter that the ceiling looked all right to him on a casual glance was surely not so complete and conclusive an explanation as to prove due care as a matter of law and thus require the dismissal of the complaint.

Defendant argues that it was under no duty to provide these painters with a safe place to work, since " no responsibility rests upon an owner of real property to one hurt through a dangerous condition which he had undertaken to fix." (*Kowalsky* v. *Conreco Co.,* 264 N. Y. 125, 128.) The trial justice charged the rule of *Kowalsky* v. *Conreco Co.,* but left it to the jury to determine, as a question of fact, whether the painting contractor and his men were engaged to do painting work only, or to make necessary repairs to the plaster, also. The testimony did no more than set up a dispute of fact in that regard, and so the charge was correct.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and CONWAY, JJ., concur; FINCH, J., taking no part.

Judgment accordingly.