## CENTURY INDEMNITY CO. v. ARNOLD et al.

### No. 104.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1946.

John Wilson Hood, of New York City, for appellant.

Glenney, Mathews & Hampton, of New York City (Walter L. Glenney, of New York City, of counsel), for appellees.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is the second time this case has come before us. On the first trial the complaint was dismissed at the close of the plaintiff's case. On appeal, 2 Cir., 145 F.2d 164, the judgment was reversed on the ground that the res ipsa loquitur doctrine required submission of the case to the jury. The present appeal is from a judgment entered upon verdict of the jury in favor of the defendants after a second trial.

The action was brought by an insurance carrier, the statutory assignee under § 29 of the Workmen's Compensation Law of New York, Consol.Laws c. 67, on the cause of action of a workman who suffered personal injuries while working in an apartment house owned by the defendants. Federal jurisdiction rests upon diversity of citizenship. The facts as stipulated or testified to by the plaintiff's witnesses are as follows: The workman, Abe Kalman, was an experienced painter employed by Essie Cohen, the plaintiff's insured, who was under contract with the defendants to redecorate one of the apartments in their building. Kalman was injured by falling from a stepladder on which he was standing to repair cracks in the ceiling preparatory to painting. One of the legs of the ladder broke through a floor board causing the ladder to tip against the wall and the workman to fall. He claimed that the fall injured his leg upon which he previously had had a series of ulcers that finally had healed, and produced a new ulcer which resulted in a disability claim under the workmen's compensation policy issued by the plaintiff to his employer. Compensation was paid him by the plaintiff, and by reason of the workman's failure to bring suit within a year after the accident, plaintiff became subrogated by virtue of § 29 of the Workmen's Compensation Law to his right of action. The apartment had been vacant for several months and was under the control of the defendants who had purchased the building sixty days before the accident. They continued the agent of the prior owners in charge of the building and retained the services of the former superintendent of the building. No inspection of the floor was made by the defendants, and the only attention their superintendent had given it was such as was incidental to sweeping and cleaning. While cleaning he saw nothing wrong with the floor; nor did the workman observe any defect when setting up his ladder. After the accident the superintendent examined the board which broke, replaced it with another piece of wood and threw the broken piece away. He gave no testimony regarding its condition, but said the broken piece was about an inch wide and two feet long. The photograph in evidence appears to show that the broken piece was at least two inches wide. Defendants presented only medical testimony. The jury returned a verdict in favor of the defendants and the plaintiff appeals. Denial of the plaintiff's motion for a directed verdict, and alleged errors in the conduct of the trial and in the instructions to the jury are urged by the appellant as grounds for reversal.

The appellant contends that by the law of New York, in a case where the res ipsa loquitur doctrine is applicable, the plaintiff is entitled to a directed verdict if the defendant offers no evidence on the issue of liability. Apparently at one time that was the New York rule. Hogan v. Manhattan R. Co., 149 N.Y. 23, 43 N.E. 403. But the later cases, as we understand them, hold that the res ipsa loquitur doctrine means no more than that a plaintiff who brings himself within it makes a prima facie case which entitles him to go to the jury, but he must still persuade the jury that the defendant was negligent, even though the defendant has presented no explanation of the accident. Foltis v. City of New York, 287 N.Y. 108, 38 N.E.2d 455; Dittiger v. Isal Realty Co., 290 N.Y. 492, 49 N.E.2d 980. In the Foltis case, 287 N.Y. 108, at page 119, 38 N.E.2d 461, Chief

Judge Lehman quoted with apparent approval the following statement from Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905:

"Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

Although the defendants offered no testimony in explanation of why the board broke, they did bring out on cross-examination of the injured workman and of the superintendent of their building, whom the plaintiff had called as a witness, that no defect in the floor was apparent to casual observation. Whether the defendants were negligent and whether their negligence caused injury to the plaintiff were issues for the jury to decide. No error was committed in denying the plaintiff's motion for a directed verdict.

■ Numerous errors are asserted with respect to the court's charge to the jury. One relates to the court's refusal to charge as to the workman's interest in the suit. In a suit brought by an insurance carrier as statutory assignee of the workman's cause of action, if the recovery exceeds the compensation awarded and the expenses of the suit, two-thirds of the excess goes to the workman. The instructions given told the jury that the insurance company had a right under the law to bring this action, and that having paid Kalman his compensation it was subrogated to his cause of action, "so there shouldn't be any prejudice one way or the other because the plaintiff is an insurance company." The judge refused a request to instruct that any excess recovery above the compensation payments and expenses of suit would be divided two-thirds to the employee and one-third to the insurance company. We think such an explanation might well be given in a suit of this character, but in this case the jury had

already had it from the plaintiff's counsel on his opening. Although on objection by defendant's counsel the court then said "We are not concerned with that," we think under the circumstances the charge as given was sufficient, and no reversible error was committed in denying the requested instruction.

■ The appellant complains also that the defendant's attorney in his summation to the jury made remarks calculated to arouse prejudice against the plaintiff as an insurance company. The offending summation was not taken down and the trial judge in denying a motion for a new trial stated that he had "no recollection of what was said." Since under rule 75(h) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, he must settle the record in case of dispute as to what occurred, we cannot consider the attorneys' affidavits as to what was said. All we know from the record is that during the summation something was said to which the plaintiff's attorney made objection and the court replied: "We are not concerned with that at all. Go ahead with the case. The jury will be guided by the evidence." No further objection nor motion for a mistrial was noted and apparently the plaintiff's attorney was content with the court's disposition of his objection.

■■ It is urged that the court erred in not instructing the jury that section 78 of the Multiple Dwelling Law, Consol. Laws, c. 61-A required the defendants to keep the floor in good repair. The court gave a long colloquial charge in which it said that the owners were under a duty to use reasonable care to provide a safe place in which the painter could work, and it repeatedly referred to that duty and to the necessity of finding that the accident was caused by the defendants' negligence, if a verdict was to be returned for the plaintiff. We think the charge as a whole was adequate and that further elaboration would only have tended to confuse the jury. Thus request No. 6, based on section 78 of the Multiple Dwelling Law seems to imply that the defendants were under an absolute duty to keep the premises in good repair. This is not the New York law. Actual or constructive notice of the dangerous condition is an essential element of liability. See Altz v. Leiberson, 233 N.Y. 16, 18, 134 N.E. 703; Becker v. Manufacturers Trust Co., 262 App.Div. 525, 527, 30 N.Y.S.2d

542; reargument denied 263 App.Div. 810, 32 N.Y.S.2d 126; Collins v. Noss, 258 App. Div. 101, 15 N.Y.S.2d 475, affirmed 283 N.Y. 595, 28 N.E.2d 20; Dittiger v. Isal Realty Corp., 290 N.Y. 492, 496, 49 N.E.2d 980.

Similarly, it was not necessary to give request No. 8 that "failure to make proper and diligent inspection constitutes negligence on the part of the defendants." This would be true only if such inspection would have disclosed the defect. The charge already given that the defendants must use due care to provide a safe place to work implies a duty of reasonable inspection.

Request No. 5 which stated that, in the absence of a satisfactory explanation of why the board broke, the plaintiff "is entitled to recovery" went too far, and is in effect a plea for a directed verdict which we have already discussed. The point was adequately covered by the following charge: " * * * accordingly if you find that one of the supports of the stepladder broke through this small board in the floor, and this condition of the floor was such a thing as ordinarily would not have happened if the defendants had used reasonable care to prevent it, that makes what is termed a prima facie case, and you may infer therefrom, if there has been no explanation by the defendants, that it was the failure of the defendants to use reasonable care to provide a safe place for the painter to work that caused the accident and which caused such injury as you find followed. Such unrebutted inference would then justify a verdict in favor of the plaintiff."

None of the other refused requests to charge appears to us necessary in view of the colloquial charge, nor of sufficient importance to require separate discussion. Nor was it obligatory on the court to give an instruction that the jury might drawn an adverse inference against the defendants from their non-production of material witnesses. The agent and subagent were as available to the plaintiff as to the defendants. If their interest was more on the side of the defendants than of the plaintiff, this was matter for argument to the jury. See United States v. Cotter, 2 Cir., 60 F.2d 689, 692, certiorari denied 287 U.S. 666, 53 S.Ct. 291, 77 L.Ed. 575.

Finding no error in the record we affirm the judgment.