**Rafael Garcia CAMPS, Plaintiff-Appellant,**

**v.**

**NEW YORK CITY TRANSIT AUTHORITY, Defendant-Appellee.**

**No. 69, Docket 25116.**

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1958.

Decided Dec. 3, 1958.

Seymour Schwartz, New York City (Lawrence M. Kesselman, New York City, on the brief), for plaintiff-appellant.

Daniel T. Scannell, Brooklyn, N. Y. (Edward L. Cox, Jr., Brooklyn, N. Y., and Abraham Satran, New York City, on the brief), for defendant-appellee.

Before HINCKS, LUMBARD and MOORE, Circuit Judges.

LUMBARD, Circuit Judge.

The plaintiff, Rafael Camps, appeals from a judgment for the defendant

entered on a jury verdict in a tort action for injuries suffered by Camps while attempting to enter a subway car of the 42nd Street shuttle operated by the Authority. Jurisdiction rests upon diversity of citizenship, 28 U.S.C. § 1332 (1952) as Camps is a citizen of Cuba. The only issue presented for our decision is whether, on the facts of this case, the sending of an accident report containing objectionable hearsay to the jury room constituted reversible error. We find that the failure of plaintiff's counsel to make a timely proposal to delete, efface or mask the objectionable portions of the exhibit or otherwise to keep them from the jury waived any objection and consequently we affirm the judgment.

Plaintiff was injured while attempting to enter a subway car at Grand Central, because, he alleged, the door "suddenly" closed upon his foot. In attempting to extricate his foot, and in part because the train allegedly had started to move while he was still trapped, plaintiff thrust his hand against and through the glass panel of the door, severely cut both hand and wrist and sustained permanent injuries.

During the trial plaintiff's counsel, in order to impeach defendant's witness, McElligott, a "platform man" on duty near the point at which the accident occurred, referred to a prior and allegedly inconsistent statement which was part of an accident report submitted by McElligott to defendant. The court thereafter ruled that counsel's use of the report for this purpose rendered the whole exhibit admissible at the option of opposing counsel. Defendant's counsel did offer the entire report which, over plaintiff's objection, was marked in evidence as defendant's Exhibit G.

 The report contained a description of the way in which the accident allegedly occurred which, it is claimed, was highly prejudicial to plaintiff's case. The information—that plaintiff attempted to enter the train through a door that was already "just about closed"—was, as the face of the report plainly shows, obtained from the Spanish speaking plaintiff through some unnamed interpreter.

Even if we assume that McElligott himself dealt with the plaintiff through the interpreter (as to which the record does not inform us), the plaintiff's alleged statements so presented are undoubtedly hearsay and do not come within any exception to the hearsay rule.

 Moreover, there is no rule which permits a party to introduce all portions of a document merely because the opponent has employed some portion of it to impeach a witness. McQuage v. City of New York, 1954, 285 App.Div. 249, 136 N.Y.S.2d 111; see United States v. Dennis, 2 Cir., 1950, 183 F.2d 201, affirmed 1951, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137. The "rule of completeness," which does permit the further use of the document to explain the portion already in evidence as fully as the document may allow, does not extend to portions which are irrelevant to the initial use. United States v. Dennis, supra, 183 F.2d at pages 229–230; United States v. Corrigan, 2 Cir., 1948, 168 F.2d 641.

 Nor can the admission of the entire document be supported on the ground that it was within the area of permissible rehabilitation of McElligott. The maximum rehabilitation that could have been achieved by use of the report would have been effected by examination of the witness to demonstrate that the report was not made or required by Authority rules to be made on his own knowledge, and that its contents were therefore not in contradiction to his testimony at trial as to what he himself observed at a time after the accident occurred. This would not have required that the report in its entirety be placed before the jury. Therefore it was error to permit the defendant to introduce the entire report over the plaintiff's timely objection.

The record reveals, however, that the initial error was subsequently corrected before the objectionable material was placed before the jury. Shortly after the document was admitted defendant's counsel sought to read aloud to the jury the objectionable summary of the alleged narration of Camps. Plaintiff's counsel renewed his objection, and when the hear-

say nature of the declaration was made plain the court reversed its earlier decision, forbade the reading and instructed the jury that it was to give "no weight" to hearsay statements in the document. Plaintiff's counsel, apparently satisfied with this instruction, said no more. Later, after the charge to the jury, the exhibit went to the jury room with no protection against the improper use of the objectionable portions other than the earlier instructions of the judge.

■ Once the court's error was corrected by its reversal of the earlier determination, the burden was on plaintiff's counsel to make a timely request that the objectionable matter be effaced or deleted from the document. This he failed to do, although he had made a similar request successfully with regard to other documents entered in evidence. Plaintiff's counsel seems to have been aware of his duty in this regard since, by motion made more than nine weeks after the verdict, he sought to "correct" the record to have added a request he allegedly made in chambers to have the objectionable matter kept from the jury room. The trial judge denied the motion, stating, *inter alia*, that he had no independent recollection of the request. Of course it was counsel's responsibility to see that a record was made at the time if he was then interested in preserving his objection. Counsel cannot preserve an objection by colloquy off the record which he does not dignify by seeing that it is stenographically recorded. There is no claim that counsel was not given the opportunity to have such a record made here.

■ It would be unfair to all concerned, opposing counsel as well as the trial judge, to expect that they should remember what may have seemed to be nothing more than conversation at the time. Rule 75(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the trial court shall settle any dispute as to what actually occurred before it, and Judge Ryan has stated that he has no recollection of the alleged request. Such a ruling is conclusive upon us. Century

Indemnity Co. v. Arnold, 2 Cir., 1946, 153 F.2d 531, certiorari denied 1946, 328 U.S. 854, 66 S.Ct. 1346, 90 L.Ed. 1626.

On this record it is therefore clear that the plaintiff did not object to the exhibit going to the jury subject to the judge's instructions to disregard that part of it which was hearsay.

■ Although, in the light of our decision that plaintiff's counsel failed to make a timely request to exclude or efface offending portions of the report, we need not decide whether permitting the exhibit to go to the jury was prejudicial, we note that on the entire record no reversible error could have resulted. Rule 61, Federal Rules of Civil Procedure. The plaintiff's credibility was otherwise impeached in several respects, and the admission of another conflicting statement attributable to him during the cross-examination of his doctor, Abraham L. Umansky, was not contested here.

Judgment affirmed.