Robert G. COX, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16480.

United States Court of Appeals
Eighth Circuit.

Dec. 2, 1960.

Rehearing Denied Jan. 6, 1961.

Solbert M. Wasserstrom, Kansas City, Mo., for appellant. Richard E. Graulich, Kansas City, Mo., on the brief.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee. Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

REGISTER, District Judge.

Appellant was tried under an indictment containing three counts. Count I charged that on August 16, 1959, the appellant and his wife received and sold certain merchandise valued at $5,000 or more which constituted interstate commerce, knowing said goods to have been stolen, in violation of Section 2315, Title 18 U.S.C.A. Count II (with which we are not here concerned) charged that on August 15 and 16, 1959, three persons therein named unlawfully transported said goods in interstate commerce, knowing the same to have been stolen, in violation of Section 2314, Title 18 U.S. C.A. Count III charged that between August 14 and September 12, 1959, the appellant, his wife, and one Morris John Jenshak, along with the three individuals named in Count II, unlawfully conspired to transport said goods in interstate commerce and to receive and sell said goods, all of the named defendants well knowing said goods to have been stolen, in violation of Section 371, Title 18 U.S. C.A.

Appellant and his wife were found guilty by the jury on Counts I and III, and defendant Jenshak was found guilty by the jury on Count III. The trial judge directed the jury to return verdicts of not guilty as to the three individuals named in Count II, and who were also named as co-conspirators in Count III.

Appellant was sentenced to serve concurrent terms of imprisonment of ten years on Count I and five years on Count III. He has appealed to this Court from the judgment and sentence of imprisonment.

At the close of the government's evidence appellant moved for a judgment of acquittal; said motion was overruled and denied. Thereupon appellant intro-

duced testimony in his own defense, after which and following oral argument, the case was submitted to the jury under the court's charge. It is significant to note at this point that appellant failed to renew his motion for judgment of acquittal following the close of all the evidence and prior to the submission of the case to the jury. As will be subsequently developed herein, his failure to renew said motion precludes our consideration of some of appellant's main points for review, notwithstanding the fact that he did, following the jury's return of the guilty verdicts, timely move for a judgment of acquittal or, in the alternative, for a new trial.

The government's evidence established that a burglary took place at the warehouse of Helm's Inc., in Kansas City, Kansas, sometime between the close of business on Saturday, August 15, 1959, and the opening of business the following Monday morning, and that the property stolen consisted of 230 tires, 7 air conditioners and 17 television sets, having an aggregate value of $14,303.41. On September 10, 1959, agents of the Federal Bureau of Investigation seized 24 Firestone tires at Lowe's Conoco Station in Grandview, Missouri. Paul M. Lowe, the owner of this station, as a government witness testified that these 24 tires were a part of a total quantity of 184 tires he had received from appellant on August 16 and 17, 1959. On direct examination Mr. Lowe was asked whether there had been any conversation with appellant as to where the tires came from. After replying that "Nobody said anything where they came from or anything about that", the following appears of record (Tr. 71):

"Q. Mr. Lowe, you have previously testified, have you not, under oath before the grand jury? A. Yes, sir.

"Q. About this matter? A. Yes, sir.

"Q. On two different occasions, is that correct? A. Yes, sir.

"Q. Do you recall those occasions? A. Yes, sir.

"Q. I ask you whether or not you recall in answer to the following questions you gave the following answers—

"Mr. Graulich: One moment. Your Honor, I am going to object on that on the grounds that Mr. Moody is trying to impeach his own witness.

"The Court: Let me see that. Gentlemen, let's take a 10 minute recess at this time. Come into chambers, gentlemen."

Following the discussion in chambers the prosecutor proceeded to read aloud in the presence of the jury three separate portions of Lowe's testimony before the second session of the grand jury, which testimony dealt with certain conversations between the witness Lowe and appellant as to whether the tires were "hot". After hearing each portion of the grand jury testimony, Lowe was asked whether said questions and answers given before the grand jury were correct and whether he recalled making such statements, and whether they were correct to the best of his knowledge.

■ As a general rule the use of grand jury testimony to refresh the recollection of a witness rests in the sound discretion of the trial judge. Pittsburgh Plate Glass Company v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323; United States v. Socony-Vacuum Oil Company, Inc. et al., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129, and United States v. Graham et al., 2 Cir., 102 F.2d 436. In *Socony-Vacuum* the Supreme Court said, at 310 U.S. at page 233, 60 S.Ct. at page 849:

"As in case of leading questions, St. Clair v. United States, 154 U.S. 134, 150 [14 S.Ct. 1002, 1008, 38 L.Ed. 936], such use of grand jury testimony for the purpose of refreshing the recollection of a witness rests in the sound discretion of the trial judge. See Di Carlo v.

United States [2 Cir.], 6 F.2d 364, 367–368; Bosselman v. United States [2 Cir.], 239 F. 82, 85; Felder v. United States [2 Cir.], 9 F.2d 872. He sees the witness, can appraise his hostility, recalcitrance, and evasiveness or his need for some refreshing material, and can determine whether or not under all the circumstances the use of grand jury minutes is necessary or appropriate for refreshing his recollection. As once stated by Judge Hough, 'The bald fact that the memory refreshing words are found in the records of a grand jury is not a valid objection.' Felder v. United States, supra [9 F.2d] page 874. * * *"

Appellant contends that the trial court erred in permitting the government to refresh the memory of witness Lowe by referring to certain testimony previously given by him before the grand jury for the reason that such testimony was not given contemporaneously with the events to which they related.

In support of this contention appellant cites as the leading case Putnam v. United States, 162 U.S. 687, 16 S.Ct. 923, 926, 40 L.Ed. 1118, along with the later cases of United States v. Socony-Vacuum Oil Company, supra, and N. L. R. B. v. Hudson Pulp & Paper Corp. et al., 5 Cir., 273 F.2d 660.

In discussing the so-called "doctrine of contemporaneity" the Supreme Court in Putnam said:

> "The very essence, however, of the right to thus refresh the memory of the witness is, that the matter used for that purpose be contemporaneous with the occurrences as to which the witness is called upon to testify. Indeed, the rule which allows a witness to refresh his memory by writings or memoranda is founded solely on the reason that the law presupposes that the matters used for the purpose, were reduced to writing so shortly after the occurrence, when the facts were fresh in the mind of the witness, that he can with safety be allowed to recur to them in order to remove any weakening of memory on his part, which may have supervened from lapse of time."

The Court then, after commenting that the effort there involved was to refresh the memory of a witness as to an interview which had taken place in August, by referring to his testimony given more than four months later, concluded:

> "We think it clear that testimony given after this lapse of time was not contemporaneous, and that it would not support a reasonable probability that the memory of the witness, if impaired at the time of the trial, was not equally so when his testimony on the prior occasion was committed to writing." 162 U.S. at pages 696, 697, 16 S.Ct. at page 927.

The doctrine of contemporaneity enunciated by the Supreme Court in Putnam was recognized and followed by this Court in the case of Tibbitts-Hewitt Grocery Co. v. S. E. Lux, Jr., Mercantile Co., 8 Cir., 5 F.2d 549.

In the Socony-Vacuum case the Supreme Court, with reference to the problem of contemporaneity, expressed itself thusly:

> "Whatever may be said of the Putnam case on the merits * * * it does not establish an inflexible four-months' period of limitation." 310 U.S. at page 236, 60 S.Ct. at page 850.

Then, after discussing some of the facts of the case before it, the Court continued by saying:

> "On these facts we do not think there was an abuse of discretion on the part of the trial judge in permitting the testimony to be used. Measured by the test of whether or not the prior statement made under oath was reasonably calculated to revive the witness' present recollection within the rule of the Putnam case, there certainly cannot be said to have been error as a matter of law."

310 U.S. a page 236, 60 S.Ct. at page 850.

In N. L. R. B. v. Hudson Pulp & Paper Corp., supra, counsel attempted to refresh the recollection of a witness by means of an affidavit given by the witness more than four months prior to his testifying in court. After commenting that "there was no lack of clear and distinct recollection in his response to the question" there involved, the Court stated:

> "It would seem that even though the recollection of Miles had required refreshing, the statement used for that purpose was too remote from the event to be available for that purpose." 273 F.2d at page 665.

In the instant case the matter of inquiry was as to conversations between the witness and the appellant in which the tires involved in the theft were referred to as being "hot". One of such conversations took place on August 16; the last about two weeks later. Witness Lowe and appellant were friends and Lowe knew, for some time following such conversations, that the matter was under investigation by the FBI. Lowe's testimony before the grand jury was given on September 21 and again on September 24, 1959. Thereafter nearly six months elapsed before trial. Prior to the trial use of Lowe's grand jury testimony, the experienced trial court had seen and heard the witness on the stand, and had familiarized himself in chambers with at least a part of the grand jury testimony with which counsel sought to refresh the witness' recollection.

We are of the opinion that there was such contemporaneity between the giving of the grand jury testimony and the occurrence to which it related as to satisfy the test enunciated in Putnam and recognized and applied in Socony-Vacuum.

Appellant also contends there is reversible error present here because the above referred to grand jury testimony given by witness Lowe was in fact used as substantive evidence in the presentation of the government's case in chief. Under the generally accepted doctrine, to which this Court has consistently adhered, such testimony by the witness made in a prior proceeding does not constitute affirmative evidence of the facts so stated. Vol. 3, Wigmore on Evidence, 3rd Ed., Section 1018(b); McCormick on Evidence, Section 39, p. 73; 58 Am. Jur., p. 421; Southern Railway Co. v. Gray, 241 U.S. 333, 36 S.Ct. 558, 60 L.Ed. 1030; Hickory v. United States, 151 U.S. 303, 14 S.Ct. 334, 38 L.Ed. 170; United States v. Socony-Vacuum Oil Co., Inc., supra, *Ellis* v. United States, 8 Cir., 138 F.2d 612; F. W. Martin & Co. v. Cobb, 8 Cir., 110 F.2d 159; Chicago, St. P., M. & O. Ry. Co. v. Muldowney, 8 Cir., 130 F.2d 971; Consolidated Electric Cooperative v. Panhandle Eastern Pipeline Co., 8 Cir., 189 F.2d 777, and United States v. Rainwater et al., 8 Cir., 283 F.2d 386. Of course, there would be error where, under the pretext of refreshing a witness' recollection, the prior testimony was introduced as evidence. United States v. Socony-Vacuum Oil Co., supra, 310 U.S. at page 234, 60 S.Ct. at page 849, and cases therein cited.

Appellant complains as to both the use of the grand jury testimony and the method of such use. Government counsel read aloud to the witness, from three different portions of the record of the grand jury testimony, certain questions and answers. Appellant's counsel interposed no appropriate objection to such practice or procedure. The questions and answers read related solely to the conversations which took place between the witness Lowe and appellant, to which inquiry had just been made. Prior to the use of such testimony the trial judge had held a conference in chambers out of the presence of the jury, and at such conference, following the reading of the first of such portions of the grand jury testimony by the prosecutor, the trial Court stated:

"The Court: All right, refresh his recollection as to the testimony before the Grand Jury there with reference tō the 'hot'. Read the other one." (Tr. pp. 71–b and 71–c)

Following the reading of the portion just referred to by the trial judge, the Court stated:

"The Court: Refresh his recollection as to that. What is your objection?

"Mr. Graulich (Counsel for Appellant): My only objection was that he is impeaching his own witness.

"The Court: Overruled." (Tr. p. 71–c)

Thereupon the trial proceeded before the jury.

The third portion referred to was later read at the direction of the trial judge. After the witness was asked the question "Did you say anything about the theft being discovered, or anything?" and he replied "Actually I don't remember exactly what was said. I mean to the exact words, but I think—I am not for sure, but I think—", the Court directed the prosecutor to "Refresh his recollection if you have it there".

The condition of the record is highly significant. Throughout the trial appellant was represented by counsel of his own choosing. The only objection made to the use of the grand jury testimony of witness Lowe, or to the method of such use, was in chambers and as heretofore stated—"that he is impeaching his own witness". Such objection was properly overruled. No objection was ever made to the trial Court either that such grand jury testimony was an improper basis for refreshing recollection because not made contemporaneously with the events in question, or that the same was improperly used as affirmative evidence. As to these matters counsel for appellant remained silent. No request of the trial Court was made on behalf of appellant, either at the time of the use of the subject testimony or in the final charge to the jury, for a limiting instruction. Appellant may not now assign as error the trial court's failure to give such a limiting instruction. Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A.

These same matters cannot now be considered properly reviewable by this Court on the theory that they are included in the question of the sufficiency of the evidence, for such question has been waived by appellant's failure to renew his motion for a judgment of acquittal at the close of all the evidence in the case.

"To entitle an appellant in either a civil or criminal case to urge in this court that the evidence was insufficient to sustain the verdict of the jury, he must, at the close of all the evidence, have interposed in the trial court a motion either for a directed verdict in a civil case or for judgment of acquittal in a criminal case. * * * It is well settled that absent such motion this court will not review the evidence." McDonough v. United States, 8 Cir., 248 F.2d 725, 727.

It is apparent from the record that all concerned considered the use of Lowe's grand jury testimony to be for the sole purpose of refreshing the witness' recollection. It was so referred to by the trial Court in passing upon the propriety of its use. It was the single stated reason for such use, and so understood by all counsel.

That such prior grand jury testimony did, in fact, succeed in its avowed purpose is clear. After hearing the questions and answers appearing in the record of the grand jury testimony, the witness testified in effect that they were true and correct, and "are true and correct" to the best of his then knowledge, and:

"Q. (By Mr. Moody) Does that refresh your recollection? Do you now recall that that conversation took place between you and Mr. Cox?

"A. Yes, I remember now something about it." (Tr. p. 71–n)

It is readily apparent that Lowe's prior testimony before the grand jury was used solely for the purpose of refreshing his recollection on a material fact, and not as independent affirmative evidence. The record fails to reveal any abuse of discretion on the part of the trial judge in this regard.

Appellant next assigns as error the alleged improper denial of his request to the court, following the direct examination of government's witness Lowe, for permission to inspect the minutes of the first session of the grand jury before which Lowe had testified. With regard to such alleged request and the court's denial thereof, the record is silent. After the completion of Lowe's direct testimony and immediately prior to his cross-examination, the official transcript of the record does disclose a "colloquy off the record". (Tr. p. 73)

After the transcript of trial proceedings had been prepared by the court reporter, appellant filed a motion to correct the record in certain particulars, one of which was to show that during the course of the indicated "colloquy off the record" he had requested permission to inspect the minutes of the first grand jury session and that his request had been denied. The government resisted the motion on the ground there was no error or accident or misstatement within the meaning of Rule 75(h), Federal Rules of Civil Procedure, 28 U.S.C.A. which rule has been adopted by reference in criminal cases by virtue of Rule 39(b)(1), Federal Rules of Criminal Procedure, 18 U.S.C.A.

As a basis for the motion to correct the record, appellant's counsel filed his affidavit wherein it is recited that the alleged request had been properly made and rejected by the court. A second affidavit, executed by counsel for one of appellant's co-defendants, corroborated in part the statements made in the first affidavit. It is conceded that the record is silent as to such request and denial, but appellant contends that immediately prior to cross-examination of Lowe, his counsel approached the bench (without permission to do so) and that he there at that time (without any other counsel present or within hearing, and without requesting that a record be made of such proceedings) made the alleged request of the trial court, who replied that such request should have been taken up at a recent chamber conference and that the same was denied. In the trial judge's memorandum and order on said motion he specifically stated that while he recalled an occasion when appellant's counsel approached the bench and made some request, following the government's direct examination of Lowe, he had no recollection of the language used in making the request, nor that used by him in response thereto, and that he had no recollection of making or indicating any ruling in respect of the alleged request made by appellant's counsel, as set forth in his affidavit in support of motion. The trial court thereupon ordered that "* * * defendant-appellant's request that the record herein be corrected 'to reflect request by movant's counsel for access to and inspection of transcript of Lowe's testimony before the first session of the Grand Jury, and denial of said request' is by the Court refused * * *".

Rule 75(h) of the Federal Rules of Civil Procedure (which has been adopted by reference in criminal cases, as heretofore noted) provides that the trial court shall settle any dispute as to what actually occurred before it. The trial court has stated that he has no recollection of such alleged request, and denied appellant's motion.

> "Of course, it was counsel's responsibility to see that a record was made at the time if he was then interested in preserving his objection. Counsel cannot preserve an objection by colloquy off the record which he does not dignify by seeing that it is stenographically recorded. There is no claim that counsel was not given the opportunity to have such a

record made here." Camps v. New York City Transit Authority, 2 Cir., 261 F.2d 320, 323.

The trial court's ruling on appellant's motion to correct the record is final and conclusive upon appeal. Camps v. New York City Transit Authority, supra, and Century Indemnity Co. v. Arnold et al., 2 Cir., 153 F.2d 531, certiorari denied 328 U.S. 854, 66 S.Ct. 1346, 90 L.Ed. 1626. The trial court having stated that he has no recollection of appellant's alleged request, and under the applicable rule he being required to settle the record in case of dispute as to what occurred, the attorney's affidavits as to what was said cannot now be considered on appeal. Century Indemnity Co. v. Arnold, supra. Also see: Hawkins v. Missouri Pac. R. Co., 8 Cir., 188 F.2d 348, 352.

The foregoing disposition of this alleged error renders it unnecessary to consider the interpretation of the words "error", "accident" or "misstatement", as used in said Rule 75(h).

Appellant urges as his last assignment of error that the evidence by which the government sought to identify the two television sets recovered from appellant's home as being a part of the property stolen from Helm's, Inc., was inadmissible by reason of the alleged immateriality thereof, and that the number of witnesses called by the prosecution for such purpose was excessive and therefore prejudicial.

One of the two sets found in appellant's home was an RCA set and the other a General Electric set. The serial numbers had been obliterated or otherwise removed from each of the sets prior to the recovery thereof. There was no direct identification of either one of these sets as having been a part of the stolen property; however, both were of the make, model and color identical to other sets stolen from Helm's, Inc. Recovered with the two sets from appellant's home were owner instruction booklets, with portions torn therefrom, and

bearing no serial number. The evidence established that the sets stored at Helm's, Inc., prior to the theft, had attached thereto owner instruction booklets similar to those recovered from appellant. The evidence further established that the two recovered sets were manufactured within the same week as similar sets stolen from Helm's, Inc., and that the recovered RCA set was manufactured at Bloomington, Indiana, as had been the RCA set stolen from Helm's, Inc. All of this evidence was proper circumstantial evidence for the jury's determination as to whether or not the recovered sets were those stolen from Helm's, Inc.

In addition to the foregoing, the government proceeded to trace the existence of forty-nine of the fifty-one sets of the identical model of the General Electric set recovered, which were shipped to Kansas City distributor and adjoining mid-western area, from the start of production of that model up to and including the date of the recovery from appellant of the two sets in question. In order to trace, account for and establish the whereabouts of each of said forty-nine sets, the government called a total of fourteen witnesses. The forty-nine sets had been located over a comparatively wide area, and the scope and extent of the investigation was necessarily large.

The government produced as a witness Mr. James R. Love, who was the Order Service Supervisor of the GE Company in Kansas City. Through his testimony Government's Exhibit 28 was offered and received without objection. Exhibit 28 was a list of the television sets received from the manufacturer by the Kansas City distributor of the GE Company in July, 1959, together with information as to the disposition thereof. On cross-examination counsel for appellant carefully and exhaustively inquired of the witness as to the serial numbers of the various sets listed on said exhibit, the customer's name and address to whom the respective sets were shipped, and the dates on which the sets had been shipped. This exhibit revealed the to-

tal number of sets so shipped to be fifty-one, one of which (identified by serial number) had been shipped to Helm's, Inc.

Thereafter, and without objection, Mr. Orville McVay, special investigator for the FBI, testified as to his personal inspection of certain television sets in Topeka, Kansas; without objection Mr. K. B. Bowline, the operating manager of the GE Company in Oklahoma City, testified with regard to the delivery to him of certain television sets from the Kansas City distributor during the times here involved, and the number and identity of those remaining in his warehouse after September 12, 1959 (the date on which the two sets were recovered from appellant); without objection Mr. Joseph A. Walsh, Jr., special agent of the FBI, testified concerning his personal inspection of certain of said television sets in Oklahoma City; and without objection Mr. Alan M. Trankley, special agent with the FBI testified as to his personal inspection of one set in Lawton, Oklahoma. All of said sets were identified by serial number. During the direct examination of the next government witness, Mr. Tom Haupt, store manager of Hubbel's Furniture store in Topeka, Kansas, and as the prosecutor was attempting to lay the foundation for the receipt in evidence of an exhibit listing certain business transactions of that store, counsel for two of appellant's co-defendants interposed the following objection: (Tr. pp. 209–210)

"Mr. Pendergast: Your Honor, at this time we would like to object to this line of inquiry. It is apparent that the government is trying to prove the existence of all the TV sets but these two and it is bordering on absurdity. I don't see the materiality of it, doesn't tend to prove or disprove anything in this case."

To which the trial court replied:

"The Court: It is not absurd at all. It is by a process of elimination that they are making their proof. Go ahead."

The Court had previously stated that an objection made by any defense counsel would be understood to have been made on behalf of all, and we consider the same as having been made on behalf of appellant.

The general nature of the objection is apparent. The previous testimony as to "this line of inquiry" had been received without objection. No motion to strike any part or all of such testimony appears of record; the record is silent as to any further objection to any specific question on the basis of immateriality or otherwise, or generally to the testimony of any of the witnesses subsequently called, as being repetitious or cumulative or for any other reason. There is no record of a motion to strike any part of or all of any such subsequent testimony.

It is clear that proof as to the identification of the two recovered sets had to be circumstantial in character. One method of such proof was by process of elimination, and the government's evidence was material to the issue involved. Because of the number of sets involved, the large area within which the sets were located, and the necessity of personal inspection of each thereof, it was reasonable to expect that the necessary proof would require the use of several witnesses. However, the number does not appear to be unreasonable, excessive, or prejudicial. None of the testimony of the several witnesses was unnecessary, repetitious or cumulative in nature.

Finding no merit in any of appellant's assignments of error, we hold that his judgment of conviction and sentence of imprisonment is

Affirmed.