Vivian Beatrice COX, Plaintiff-Appellant,

v.

GENERAL ELECTRIC COMPANY,
Defendant-Appellee.

No. 14538.

United States Court of Appeals
Sixth Circuit.
April 26, 1962.

Malcolm M. Heber, Royal Oak, Mich., and Peter F. Cicinelli, Saginaw, Mich., (Eugene D. Mossner, Saginaw, Mich., on the brief), for appellant.

Konrad D. Kohl, Detroit, Mich., of counsel, Carl F. Davidson, Detroit, Mich., for appellee.

Before CECIL, Circuit Judge, BOYD, District Judge, and STARR, Senior District Judge.

STARR, Senior District Judge.

Plaintiff-appellant brought this action to recover damages for injuries to her arm sustained while she was using an automatic washing machine manufactured by the defendant-appellee. She appeals from a judgment for appellee entered on a jury verdict of no cause of action.

In her complaint appellant claimed that the appellee was negligent in the design and construction of the washing machine, in that it had failed to equip the machine with a safety braking device which would bring the tub or basket to a stop when the mechanism on the machine indicated that it was "off," or when the lid was lifted. She also claimed that appellee was negligent in failing to adequately warn her of the fact that the tub or basket of the machine continued to spin rapidly after the machine showed "off" and after the lid was lifted.

■ It appears that prior to commencement of the trial appellant proposed to offer in evidence in the trial the fact that subsequent to her accident the appellee had made certain changes in its washing machines by installing a braking device, which brought the spinning tub or basket to a stop when the machine was shut off, and a locking device on the top cover, which prevented its being opened until the tub or basket had ceased rotating. The district court ruled that this proposed evidence, relative to the changes appellee made in its washing machines subsequent to the accident, was not admissible, on the ground that such evidence was not proof of its alleged negligence before and at the time the accident happened. Appellant contends that she should have been allowed to show these changes that the appellee made in its machines subsequent to the accident, not as evidence of its negligence, but as evidence of the practicability or feasibility of incorporating such safety devices on its automatic washing machines.

We conclude that the district court did not err in refusing to permit appellant to introduce such proposed evidence, and correctly determined that the evidence was not admissible. See Northwest Airlines v. Glenn L. Martin Company, 6 Cir., 224 F.2d 120, 130, and authorities therein cited; 20 Am.Jur., Evidence, § 282.

■■ The appellant further contends that the district court erred in denying her motion to amend the record so as to set forth certain unrecorded, off-the-record conferences, which she alleged occurred between her counsel and the court relative to her challenge of certain jurors for cause. It is clear that it was the responsibility of appellant's counsel to have a record made of any off-the-record colloquies with the court that he wished to preserve. There is no claim that appellant's counsel did not have the opportunity to have a record made of such colloquies with the court, and he cannot preserve his unrecorded challenge to certain jurors by alleged colloquies which he did not have stenographically recorded. The District Judge stated that he had no recollection of the alleged conversations or colloquies off the record. As the Judge was required under the applicable rule (Fed.Rules Civ.Proc. rule 75(h), 28 U.S.C.A.) to settle the record in case of dispute as to what occurred, we conclude that he did not err in denying appellant's motion to amend the record. Cox v. United States, 8 Cir., 284 F.2d 704, 710, 711; Camps v. New York City Transit Authority, 2 Cir., 261 F.2d 320, 323; Century Indemnity Co. v. Arnold, 2 Cir., 153 F.2d 531, certiorari denied

328 U.S. 854, 66 S.Ct. 1346, 90 L.Ed. 1626.

 Appellant further contends that the district court erred in denying her motion for a new trial filed over four months after the entry of judgment on the jury's verdict. Her motion for a new trial was based on alleged, newly discovered evidence that two jurors who sat on the jury worked for an electric utility company which sold products manufactured by the appellee. The record indicates that the district court examined the jurors at considerable length regarding their qualifications to sit as jurors in the case, and that appellant's counsel was given the opportunity to submit any further questions which he wished the court to ask the jurors. At the conclusion of the court's examination of the jurors, counsel for appellant stated that he did not challenge any juror for cause and that he was satisfied with the jury. It was the duty of counsel for appellant to ascertain by proper examination at the time the jury was impaneled the existence of any ground of objection to any juror, and, failing to do so, he cannot thereafter raise any objection by reason of facts which he might have discovered and seasonably presented to the trial court. Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 65 F.2d 297, 301. The law is well established that the competency of a juror is for determination by the trial court, which is vested with discretion in determining competency, and that his judgment will not be reversed except for abuse of discretion. Holt v. United States, 218 U.S. 245, 248, 31 S.Ct. 2, 54 L.Ed. 1021; Meier & Pohlmann Furniture Co. v. Troeger, 8 Cir., 195 F.2d 193, 195; Kempe v. United States, 8 Cir., 160 F.2d 406, 409, 410, certiorari denied 331 U.S. 843, 67 S.Ct. 1534, 91 L.Ed. 1864; Robinson v. United States, 6 Cir., 144 F.2d 392, 398. We conclude that there was no error or abuse of discretion by the trial court in denying appellant's motion for a new trial on the ground of newly discovered evidence regarding the competency of the two jurors in question.

From careful consideration of the record and the briefs and arguments of counsel, we conclude that the district court did not commit error, and therefore the judgment for the appellee entered on the jury's verdict of no cause of action is affirmed.