Rockingham
No. 82-414

JOHN W. WEEKS

v.

GERALDINE F. WEEKS

December 12, 1983

*Boynton, Waldron, Doleac, Woodman & Scott P.A.*, of Portsmouth (*Ralph R. Woodman* and *Patti Blanchette* on the brief, and *Mr. Woodman* orally), for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Anthony A. McManus* and *Christopher A. Wyskiel* on the brief, and *Mr. McManus* orally), for the defendant.

BATCHELDER, J.   After four years of marriage to the defendant, the plaintiff filed a libel for divorce alleging the existence of irreconcilable differences which had caused the irremediable breakdown of the marriage. *See* RSA 458:7-a. After a hearing, the Master (*Larry Pletcher*, Esq.) recommended a decree of divorce and property settlement which the Trial Court (*Pappagianis*, J.) approved. The defendant appeals both the granting of the divorce and the division of the parties' property. For the reasons that follow, we affirm the decree of divorce, and reverse and remand the property settlement decree.

First, the defendant alleges that the master abused his discretion in granting the divorce. Before reaching that issue, we must determine whether the defendant contested the divorce in the superior court and thus has the right to appeal the granting of the divorce. Although the defendant entered an appearance, she did not file an answer to the libel. Under Superior Court Rule 133, all facts well alleged in the plaintiff's libel will be deemed admitted if not denied or explained by the defendant. The plaintiff argues that because the defendant did not answer the libel, she has admitted the allegations in the fifth paragraph in the bill, that irreconcilable differences have developed between the parties which have caused an irremediable breakdown of their marriage. Therefore, she cannot contest the granting of the divorce.

In juxtaposition to this argument stands Superior Court Rule 156 which provides that if there is an appearance in marital matters, the case will not be heard uncontested unless there is on file a writing that the individual who entered the appearance does not desire to be heard. Reading Rules 133 and 156 together, we hold that by entering an appearance but not filing an answer, the defendant admitted all the facts alleged by the plaintiff in his libel except the ultimate question to be resolved by the court, whether the breakdown of the marriage is irremediable. The court, not the parties, makes that determination. *See Woodruff v. Woodruff*, 114 N.H. 365, 368, 320 A.2d 661, 663 (1974). Therefore, the defendant did contest the granting of the divorce below, and may appeal the decree. Accordingly, we turn to the defendant's first contention: that the

master abused his discretion in recommending that the divorce be granted.

■ We hold that sufficient evidence exists on the record to support the master's finding that the breakdown of the marriage was irremediable. *See Stephenson v. Stephenson*, 111 N.H. 189, 191–92, 278 A.2d 351, 353 (1971). The plaintiff refuses to continue with the marriage and is unwilling to participate in any type of counseling or to change his working conditions. From these facts, the master was warranted in concluding that there was no reasonable possibility of the plaintiff changing his mind and that the breakdown of the marriage was therefore irremediable. *See Desrochers v. Desrochers*, 115 N.H. 591, 594, 347 A.2d 150, 152 (1975). The desire of the defendant to continue the marriage is not sufficient, by itself, to bar the divorce. *Id.*

The defendant also contends that the master abused his discretion in his recommended property distribution. The major controversy surrounds the master's treatment of the real estate that the plaintiff inherited, during the marriage, from his father. The property, which was devised equally to the three Weeks brothers, consists of approximately sixty-three-and-one-half acres of land, with sixteen summer camps and the Weeks homestead situated thereon. When the parties announced their engagement, it was decided that they would live in the homestead. The homestead burned down in 1969, and the families of both parties worked to rebuild the house. Both parties occupied the house throughout their marriage until the plaintiff filed for a divorce.

The master granted the plaintiff's request for a finding "that in these circumstances, the real estate . . . should not be considered as part of the marital assets of the parties which this Court should consider in making an award of any property settlement." The master added the proviso that the defendant's contributions to the homestead may be considered. In his property award recommendation, the master decreed that all the real estate go to the plaintiff disencumbered of all right, title and interest of the defendant on the condition that the plaintiff pay the defendant seven thousand dollars. The defendant excepted to that award and to the finding that the defendant had no interest in the real estate of the plaintiff other than her contribution to the property.

■■ The law on property settlement in New Hampshire is clear. The master's task is to view the parties' real and personal property as a whole and propose an equitable distribution. *Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978). The master may order redistribution of any property falling within the joint marital

estate or within the individual estates of either spouse. *Murano v. Murano*, 122 N.H. 223, 227, 442 A.2d 597, 599 (1982); *see* RSA 458:19, :22.

         In this case, the master found that the real estate was an asset of the plaintiff, and that the defendant was not granted any interest in the property by the plaintiff's father, either before or at his death. Regardless whether the property was owned individually by the plaintiff or jointly by the parties, the master must consider it a marital asset when making a property settlement based on the equities of the circumstances. *See Rahn v. Rahn*, 123 N.H. 222, 225, 459 A.2d 268, 269 (1983); *Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979). The master may consider, in weighing the equities, the fact that the plaintiff inherited the property from his father, *see Henderson v. Henderson*, 121 N.H. 807, 810, 435 A.2d 133, 135 (1981), but that fact does not remove the property from the marital assets. We therefore must remand to the master for reconsideration of the property award. On remand, the master should determine whether, at the August 9, 1982, hearing, the defendant disclaimed any interest in the plaintiff's inheritance except for the homestead. *See Azzi v. Azzi supra*. If she did waive all rights to the other property, it is not subject to division by the master, but is nonetheless a factor to be considered when the master recommends the property settlement. *See Lawlor v. Lawlor*, 123 N.H. 163, 166, 459 A.2d 238, 240–41 (1983).

*Affirmed in part; reversed in part; remanded.*

SOUTER, J., did not sit; the others concurred.