Rockingham
No. 83-067

### ARTHUR T. BERNIER, JR.

### v.

### IRMA M. BERNIER

October 4, 1984

*Richard L. Russman,* of Exeter, by brief and orally, for the plaintiff.

*Flynn, McGuirk & Blanchard,* of Portsmouth (*Anthony S. Hartnett* on the brief and orally), for the defendant.

PER CURIAM. The plaintiff, after twenty-one years of marriage to the defendant, filed a libel for divorce. Following a hearing, the Master (*Stephanie T. Nute,* Esq.) recommended a decree of divorce and a property division, which the Superior Court (*Dalianis,* J.) approved. On appeal, the defendant contends that the trial court erred in denying her the right to adjudicate her entitlement to alimony, and in finding the parties' minor son emancipated and not in need of support. We reverse on the first issue and affirm on the second.

The parties were married on April 29, 1961. On June 4, 1982, the plaintiff filed a libel for divorce in the superior court. In his libel, the plaintiff alleged that irreconcilable differences had led to the irremediable breakdown of the parties' marriage. He requested that a decree of divorce be granted by the court and that he "be awarded the real and personal assets of the parties."

The defendant never filed an answer or any other type of responsive pleading to the plaintiff's libel. She did, however, file an appearance and, at the final hearing on the plaintiff's libel, she attempted to raise the issues of child support and alimony.

The master ruled that the issue of child support is always pertinent and, therefore, allowed the parties to introduce evidence on this issue. The master refused, however, to allow the defendant to introduce evidence on the issue of alimony, noting that a general appearance, without pleadings, entitled the defendant "to contest [solely] those issues raised in the libel for divorce"—the grounds for the divorce and the division of property. A request for alimony or specific support for a spouse "[had] to be raised on pleadings."

In *Weeks v. Weeks,* 124 N.H. 252, 469 A.2d 1313 (1983), this court held that a defendant who enters an appearance in a divorce action, such as the instant one, but does not file an answer, is deemed to have "admitted all the facts alleged by the plaintiff in his

libel except the ultimate question to be resolved by the court, whether the breakdown of the marriage is irremediable." *Weeks v. Weeks, supra* at 254, 469 A.2d at 1315. A defendant also, by filing an appearance, preserves his or her right to challenge the proposed property settlement. *See Weeks v. Weeks, supra* at 255–56, 469 A.2d at 1315–16.

The question now before us was not addressed in *Weeks*, however. Here we are concerned not with what a defendant may contest on the basis of an appearance alone, but with the issues that a defendant may raise for the first time after filing only an appearance.

With one reservation, which is significant in this case, we believe that the master was correct when she ruled that a general appearance, without further pleadings, entitled the defendant to contest only the grounds for the divorce and the division of property.

Our reservation about applying this rule in cases arising before this one rests on the language of Superior Court Rule 156, providing that "[w]hen there is an appearance in marital matters, the case will not be heard uncontested (unless there is a stipulation) until there is on file a writing from the libelee or defendant or his counsel that he does not desire to be heard." Under this rule it is arguable that in the absence of a written waiver, a case would be treated as contested in all respects in which such a case is normally contested, including the matter of alimony. Therefore we believe the defendant should have the benefit of the doubt and be allowed to file an appropriate pleading requesting alimony.

Since this opinion will clarify the scope of Superior Court Rule 156, a party whose pleadings may be filed after the date hereof will be entitled to seek alimony only on the basis of pleadings requesting that relief. We will require that a party be given fair notice in an appropriate pleading that alimony is being sought so that he or she "might answer and offer evidence pertaining to the allowance of alimony." *Diamond v. Diamond*, 403 So.2d 129, 131 (Miss. 1981). Requiring a party to plead a request for alimony will also serve to formulate the relevant issues prior to trial and thereby to provide a structure for the divorce action. *See* 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE & PROCEDURE, CIVIL PRACTICE AND PROCEDURE § 213. at 156 (1984) (objectives which every pleading seeks to accomplish are: "issue formulation, notice to the adversary party and the court of the claimant's position, and recordation of that claim and position for the purposes of appellate review").

The second issue raised by the defendant on appeal concerns the trial court's refusal to award the defendant support benefits for the parties' minor son, Robert.

RSA 458:17, I provides that:

> "In all cases where there shall be a decree of divorce or nullity, the court shall make such further decree in relation to the support, education and custody of the children as shall be most conducive to their benefit, and *may* order a reasonable provision for their support and education."

(Emphasis added.) In its final decree, the court recognized that Robert did reside with the defendant, but nonetheless refused to award support benefits for him, based upon a finding that he was "an emancipated child, not in need of support or a custodial placement."

■■ In determining a child's need for support, a trial judge must consider all relevant factors and then make a determination "within the bounds of judicial discretion." *Comer v. Comer*, 110 N.H. 505, 507, 272 A.2d 586, 587 (1970). The question of whether a child is emancipated must be determined largely upon the peculiar facts and circumstances of each case. A trial court's determination that a child is emancipated, and therefore no longer in need of parental support, will not be set aside unless "the evidence demonstrates clearly an abuse" of discretion. *Mangin v. Mangin*, 115 N.H. 489, 490, 343 A.2d 636, 637 (1975) (quoting *Collette v. Collette*, 108 N.H. 469, 470, 238 A.2d 598, 599 (1968)).

■ The record in this case reveals that Robert, at the time of his parents' divorce, was seventeen years old, had been out of school for at least two years, was employed on a full-time basis, and, according to the plaintiff's testimony, looked to neither of his parents for support. No evidence was introduced to dispute these facts, nor was a request made by either party for custody of Robert.

Based upon the evidence presented, we hold that the trial court did not abuse its discretion in finding the parties' seventeen-year-old son emancipated and, therefore, no longer in need of parental support.

The case will be remanded with leave for the defendant to file further pleadings consistently with this opinion and within thirty days from the date hereof.

*Reversed and remanded.*

KING, C.J., dissented.

KING, C.J., dissenting: I disagree with the holding of the majority that a defendant who fails to file a responsive pleading specifically requesting an award of alimony will be barred from raising this

issue at the final hearing. I would hold that the defendant's preservation of her right to contest the divorce pursuant to Superior Court Rule 156, by filing an appearance, encompasses the right to request alimony and present evidence on the issue.

In *Weeks v. Weeks*, 124 N.H. 252, 469 A.2d 1313 (1983), this court held that, in a divorce proceeding, a party who has failed to file any pleadings, but does file an appearance, has the right to contest the granting of the divorce and the property division. RSA 458:19, which empowers a court "[u]pon a decree of nullity or divorce" to effectuate an equitable property division, also provides the court with the power to award such alimony "as may be deemed just." *See Kennard v. Kennard*, 81 N.H. 509, 511, 129 A. 725, 726 (1925) (statute confers upon court power to award alimony).

RSA 458:19 provides in pertinent part that:

> "Upon a decree of nullity or divorce, the court may restore
> to the wife all or any part of her estate, and may assign to
> her such part of the estate of her husband, or order him to
> pay such sum of money, as may be deemed just . . . ."

The legislature, by enacting this provision, has made the award of support and maintenance for a divorced husband or wife incidental to the granting of a divorce. The statute, itself, provides the parties to a divorce proceeding with the requisite notice that the issue of alimony will be naturally and normally considered and that alimony will be allowed by the court, if proper, even though not specifically raised by the pleadings. *See Hendrickson v. Hendrickson*, 583 P.2d 1265, 1267 (Wyo. 1978). The statute contains no requirement that a request for alimony must be made in a party's pleadings before a court will have the power to make such an award.

I would hold that the defendant, by filing an appearance, preserved her right not only to contest the divorce and the property division, *see Weeks v. Weeks supra*, but also to present evidence on her need for alimony. Alimony, similar to a property division or child support, is an integral part of any divorce proceeding and should be considered by the court.