**W.E. BILL SAUER'S DRILLING COMPANY, Appellant (Employer-Respondent),**

v.

**Patrick GENDRON, Appellee (Employee-Claimant).**

No. 86–37.

Supreme Court of Wyoming.

July 3, 1986.

---

Lee E. Karavitis, Casper, for appellant (employer-respondent).

David A. Drell, Casper, for appellee (employee-claimant).

Before THOMAS, C.J., BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Suffering from carpal tunnel syndrome (a wrist nerve problem), an employee filed a Worker's Compensation claim which was approved by the trial court and is now appealed by the employer with a defense of belated employee notification. We affirm.

The employee, Patrick Gendron, a drilling rig deck hand, concluded his work shift at 8:00 a.m., July 18, for weekend vacation time. At 4:00 o'clock the following morning, July 19, with severe pain and swelling in his right hand, he went to the emergency room at the local hospital, where a preliminary diagnosis of carpal tunnel syndrome was made, with a consequent medical reference for him to pursue treatment with an

orthopedic specialist. It is appellant's contention that the employee did not call in about the initial medical examination and diagnosis until 11:00 a.m. on July 20, and consequently lost eligibility for Worker's Compensation benefits under a statutory 24-hour notice provision.

Following the weekend time off, he worked on the rig for two days, July 22 and 23, and then, on seeing the orthopedic physician, discontinued work while medical treatment was pursued.

His claim for disability for the period July 24 through August 13, the date of release to return to work, in the amount of $1,041.26, and medical expenses of $150.50, was resisted by the employer on the basis that the "[e]mployee is not working because rig moved to Shoshoni and he did not move with it," and that there was lack of proper notice of the injury. "He was on his day off for two days before calling our office to say he was hurt." The employee completed and filed the normal Worker's Compensation written form on the 24th, and at issue is only the question of noncompliance with the statutory 24-hour notice of injury.

The deposition of the doctor was taken but not included in the appeal record. The testimony of the employee was taken by telephone conference at the hearing; no transcript is available since a court reporter was not used.

The appeal contest comes with the employer's defense that the injury notice given by the employee to the employer was 31 hours after attendance at the emergency room in the hospital, as not then within the 24-hour limit, and that consequently the trial court was in error in granting the Worker's Compensation benefits on a jurisdictional basis.

The record does not establish whether the defense was considered by the trial court, except that the order entered after the hearing stated in relevant part:

" * * * [T]hat said injury is compensable under the Wyoming Worker's Compensation Act and that notice of said injury was properly given to the Employer-Respondent.

" * * * Employee-Claimant was injured in a compensable accident on July 18, 1985, while employed with the Employer-Respondent, W.E. Bill Sauer's Drilling Company. The Employee-Claimant, properly notified the Employer-Respondent as required by law and as a result, he shall be awarded medical benefits for said injury and temporary total disability benefits as computed by the Worker's Compensation Division for the period from July 24th, 1985 to August 14, 1985."

### Status of the Appeal Record

Employee's 20-day claim form was filed with the clerk of court on July 24, as was the application form. The clerk of court's notice form was mailed to the employer July 26 and received July 29, and then answered as a claim disapproval with an employer's filing form and a specific disapproval form.

The record for consideration of the appeal consists of these documents and the court order, supplemented by a statement of evidence and proceedings, prepared by appellant and served but not approved by counsel for the employee and never submitted to the trial court for settlement and approval pursuant to Rule 4.03, W.R.A.P.

The only facts here available, other than those contained in the original basic documents, are the nonsettled statement and factual discussion in the briefs.[1]

1. Appellant did not reference his brief to the record as required by Rule 5.01(3), W.R.A.P.:
   "A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings; and its disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate page references to the record; * * *"
   Unfortunately, to further add problems, the brief of the appellee references the deposition, which is not in the record, and references a page of the record as R. 30, which was obviously in error.

*Statutory Construction*

The statute called into question by appellant is § 27–12–502, W.S.1977, which was first enacted by Ch. 128, S.L. of Wyoming 1937, Section 3.

"(a) If an employee is injured he shall make a report of the occurrence and general nature of the injury to the employer within twenty-four (24) hours after the injury became apparent, and to the clerk of court within twenty (20) days thereafter, and file the report in the office of the clerk of court of the county in which the accident occurred. * * * The reports shall contain such information as provided by rules and regulations adopted by the director." Section 27–12–502, W.S. 1977.

In a period of 49 years, the Worker's Compensation Division has apparently never adopted any rules pursuant to the statute denominating the substance of the 24-hour report. Furthermore, only two cases in this court have discussed the statute, in neither of which was the 24-hour provision a factor of benefit denial.

In *Big Horn Coal Company v. Wartensleben*, Wyo., 502 P.2d 187 (1972), the issue invoked a belated recognition of the onset of the injury. That case is not comparable, since no question of time after discovery was contended.

"The question of the time when the employee first knows that he has suffered an injury which results in, or is likely to cause, compensable disability is of course one for the trial judge. The evidence * * is such that we cannot and will not disturb the findings of the trial court in that regard." 502 P.2d at 189.

The other case, *Big Horn Coal Company v. LaToush*, Wyo., 501 P.2d 1250 (1972), involved a hernia, where the court noticed the 24-hour defense and then resolved the case on a totally different requirement, without substantive comment.

The recent United States Supreme Court case of *Brock, Secretary of Labor v.*

*Pierce County*, —— U.S. ——, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986), reasonably considers time limitations as jurisdictional events. One could appropriately adopt its philosophy although the subject is far removed from claim filing under Worker's Compensation.

*Factual Analysis*

Subject to the question of what is actually the record, assuming contentions of fact from the brief and accepting to some degree the nonapproved statement, the factual status of this case for activities of the employee would appear to be:

1. Emergency room treatment, 4:00 a.m., July 19, carpal tunnel syndrome diagnosed, patient referred to orthopedic doctor.

2. Rested on the 19th, one of his vacation days.

3. Second day of vacation, or 31 hours after emergency-room examination, at about 11:00 a.m., July 20, he called the employer about the problem.

4. Went to work on July 22, and worked July 23.

5. July 24 determined he could not work, filed the clerk of court report, and went to see the orthopedic doctor for treatment; doctor diagnosed employment relationship as causative factor of disability.

This $1,191.76 case presents multiple subjects for possible consideration whether the 24-hour provision requires reversal of the benefit grant of the district court following a contested-case hearing.[2]

We determine that without even anticipating the validity or invalidity of any of the possible questions a more adequate record should exist to justify any effort by this court to evaluate each of those separate issues (only one of which is actually briefed). See *Salt River Enterprises, Inc. v. Heiner*, Wyo., 663 P.2d 518 (1983).

**2.** Considering sufficiency of the appellate record and factual questions and concerns about statutory construction, this court could find 12 topics to be pursued by appellate inquiry, ranging from constitutional questions to method of counting time.

After applying the principle of Worker's Compensation law (liberal construction of the statutes in favor of the worker, *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219, 222 (1977)), and the appellate principle (determination of the trial court to be sustained if supported by substantial evidence as examined in the light most favorable to the prevailing party, *Olson v. Federal American Partners*, Wyo., 567 P.2d 710 (1977)), this court will sustain the decision of the trial court on the demonstrated fact that the employee worked for two days and then, being unable to continue, promptly gave notice and filed the required reports at the same time he obtained medical attention from the orthopedic physician.

The judgment of the trial court is affirmed.