**Arthur T. NICHOLLS, Appellant (Defendant),**

v.

**Cara O. NICHOLLS, Appellee (Plaintiff).**

**No. 86–55.**

Supreme Court of Wyoming.

July 14, 1986.

Arthur T. Nicholls, pro se.

Michael Shoumaker, Sheridan, for appellee (plaintiff).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

An increased child-support obligation, derived from a modification proceeding, arrives here by appeal of the not surprisingly dissatisfied father.

We will affirm.

The parties were married in 1963. Two children were born of the marriage who were 16 and 13 at the time of the divorce in 1982. The defendant father (an attorney in Nevada) was originally represented in the initial proceeding but separated from his attorney about the time of trial, and acted pro se when the decree was entered May 14, 1982, and supplemented by order of May 24, 1982.

In addition to extensive provision for property settlement, a child-support provision accommodating custody by the mother provided for the payment of $200 per month per child.

The oldest child reached majority in 1985, and the father discontinued half his $400 per month support payment. The mother reciprocated by a motion for an increase in child support.

Trial was held, but, like the original proceeding, no record is available since a court reporter was not secured. Concluding the decisional process from the modification hearing, the trial court entered an amended support order for the remaining child of 15 percent of the father's gross income, or $400 per month, whichever is less, from which amended support order the present appeal is taken.

Appellant filed a statement of proceedings and evidence, the mother filed a reply in response, and the court filed a statement of proceedings and evidence, settling the record pursuant to Rule 4.03 W.R.A.P. (identical to Rule 10(c) F.R.A.P.), and factually supporting the earlier decision by the following conclusions:

"4. Evidence presented indicated to the Court that Plaintiff Appellee's present income was approximately one half of what her income was at the time of the Divorce.

"5. The evidence indicated to the Court that Defendant Appellant's income from his position as Deputy Prosecuting Attor-

ney in Reno was $36,000.00 as opposed to $23,000.00 at the time of the Divorce."

The father contends error in this factual resolution, stating the issue:

"More specifically, the question is whether the evidence supported the Judge's action and whether he applied legally recognizable standards or whether he arbitrarily ruled based on his personal beliefs."

The father contests an income comparison differential between 1982 and 1985, and argues that the mother, by the original decree, obtained an unequal distribution of the property then owned by the parties. His characterization of the portions of his statement deleted by the judge was:

"They were not deleted because they weren't true or accurate, they were deleted because they were true and accurate and wouldn't help in justifying the final decision."

Appellant strongly contends that inadequate inclusions were afforded by the judge from the father's submissions of fact, and erroneous conclusions were thus derived.

This court concludes, as derived from its more exhaustive review of the subject in *Feaster v. Feaster*, 721 P.2d 1087 (Wyo. 1986) (1986), that the only "facts" in this case available for consideration are those drawn from the settled statement of the trial court.

" * * * Thereupon *the statement* and any objections or proposed amendments shall be submitted to the district court for settlement and approval and *as settled and approved shall be* included by the clerk of the district court in *the record on appeal.*" (Emphasis added.) Rule 4.03, W.R.A.P.

■ The record facts for review simply do not include either the submission of the appellee or that of the appellant, but only those facts derived and settled by the trial court. *Camps v. New York City Transit Authority,* 261 F.2d 320 (2d Cir.1958); *Hawkins v. Missouri Pacific R. Co.,* 188 F.2d 348 (8th Cir.1951); *Graham v. Carr,*

112 F.2d 908 (9th Cir.1940). Appellant's brief affords no authority contrary to this uniformly accepted rule. We especially draw attention to the comprehensively detailed case of *Carson Ready Mix, Inc. v. First National Bank of Nevada,* 97 Nev. 474, 635 P.2d 276 (1981):

"It is the responsibility of appellant to make an adequate appellate record. * *

"Furthermore, the difficulty here is not merely in the failure of the record on appeal to conform to the rules in some technical respect. In essence, the problem lies in the failure of the record made in the court below to reflect fully and accurately what occurred. That defect cannot be corrected here." 635 P.2d at 277–278.

It is neither briefed nor contended that the right of modification of a child-support order does not exist pursuant to Wyoming law. The only question is whether the modification is an abuse of discretion as devolved from a determination of changed circumstances. The significance of a proper record as a premise for appellate review was adequately enunciated in *Feaster v. Feaster*, supra. See also *W.E. Bill Sauer's Drilling Company v. Gendron,* 720 P.2d 909 (Wyo.1986).

■ May it suffice to say that an attorney who does not obtain a court reporter in a modification proceeding cannot exercise the contemplative review of this tribunal by recriminatory challenge to the factual Rule 4.03 settlement conclusion of the trial court. Anguish and anger in an appellate brief presentation are no substitute for a solid legal basis for effectuation of this court's appellate responsibility. In order to reverse a trial court which exercises its recognized discretionary capacity, a factual basis must be evidenced, and that responsibility lies with the appellant who was, in this case as pro se, himself an attorney. See *Feaster v. Feaster*, supra. Fortunately, the remaining child will be 19 on February 26, 1988, when court ordered support will end. Maybe also the controversy will

moderate as the parties continue to look at college education for their two children.

Furthermore, it was neither home-town justice nor the experience of the trial judge which determined the conduct of the case by appellant as an experienced practicing attorney in representing himself. *Carson Ready Mix, Inc. v. First National Bank of Nevada,* supra. Were the court sympathetic, it could do no differently, under established rules with nationwide application.

We must then face the second aspect of appellate resolution, less certainly determinable on appeal denial of appellate resolution: the question of assessment of costs and attorney's fees.

Fees and costs will be automatically charged under the present rules. *Hance v. Straatsma,* 721 P.2d 575 (Wyo.1986). Furthermore, we find lack of good cause shown under Rule 10.05, W.R.A.P., to deny the addition of a charge against appellant for appellee's attorney's fees.

"When, in a civil case, the judgment or final order is affirmed, appellee shall recover the cost for typewriting and reproducing his brief, such cost to be computed at the rate allowed by law for making the transcript of the evidence. Unless the court certifies that there was reasonable cause for the appeal, there shall also be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court, not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), to the counsel of the appellee, and to the appellee damages in such sum as may be reasonable, not exceeding one thousand dollars ($1,000.00), unless the judgment or final order directs the payment of money, and execution thereof was stayed, when in lieu of such penalty, it shall bear additional interest at a rate not exceeding five percent (5%) per annum, for the time for which it was

stayed, to be ascertained and awarded by the court." Rule 10.05, W.R.A.P.

This court cannot, without a proper factual record, certify a reasonable cause for the appeal on a conflict-of-fact contention, and will therefore assess legal fees of $500, in addition to costs.[1]

The decision of the trial court is affirmed by denial of this appeal, with costs to be assessed pursuant to Wyoming Rules of Appellate Procedure, including, in addition, legal fees of $500 to be granted to appellee and charged to appellant.

---

1. The amount of attorney's fees that may be assessed can be substantially increased when the amended rule, Rule 10.05, W.R.A.P. goes into effect July 15, 1986. Divorce-case modification appeals should be realistically premised upon an adequate factual record.