**Roque Lee VALDEZ, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 86–81.**

Supreme Court of Wyoming.

Oct. 27, 1986.

Leonard D. Munker, State Public Defender, Julie D. Naylor, Appellate Counsel, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Judith A. Patton, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Conviction by jury verdict of one of six counts of sexual assault occasions this appeal on contended trial-court error in Tuesday morning voir-dire comment about conclusion of the case by "mistrial if they had not reached a verdict by next Monday," in

considering a prospective juror's scheduling question.

The contended error affords two issues for review: (1) whether a proper record exists to consider the objected-to comment, and (2) whether the comment required a mistrial or now constitutes reversible error requiring retrial on the one sexual-assault count for which defendant was convicted. This is not a sufficiency-of-the-evidence appeal, and presents only the substantive, narrow voir-dire question.

Defendant, a male friend, and complainant, had a house party, and at its conclusion defendant and complainant engaged in sexual activity resulting in her police report and a six-count charge against defendant of first-degree sexual assault, including anal, oral and vaginal intercourse.

On a special verdict form, the jury acquitted defendant of oral and anal sex and entered an adverse verdict to him of only one count: second degree sexual assault. The trial commenced Tuesday morning and ended with the jury verdict on Thursday at 9:55 p.m.

### Status of the Record for Considering Claimed Error

The record reflects that recording of voir-dire examination was expressly waived at the early trial stage by counsel for defendant: "Whereupon, being specifically asked by the court reporter [counsel for defendant] indicated that the court reporter could be excused."

Some time later in the voir dire process, an issue was raised by mistrial motion by defendant about a trial conclusion-time comment of the court, and the reported session reflects the court's response to the mistrial motion:

"THE COURT: I think the record needs to be clear, first, that what occurred factually was as follows:

"Counsel asked the prospective juror when her appointment was for next week and whether she could be here next week and whether this trial would seriously interfere with it. The court interrupted with a question as to the estimated trial time, and counsel said two and a half to three days, and this being Tuesday morning even at the outside we would be finishing up Thursday. The court so announced that if the court didn't submit it to the jury until Thursday evening they would have the weekend to finish their deliberations, but I would not keep them from Thursday night through Monday, and I so said then and I will say now that I didn't tell them they had to reach a verdict. I said that I would declare a mistrial if they had not reached a verdict by Monday. That is factually what happened and I deny your motion for a mistrial.

"[COUNSEL FOR DEFENDANT]: Very well, Your Honor. And to supplement the record, it is correct that the court told the jury that if they had not reached a verdict that the court would declare a mistrial before Monday. It is the defense's position that that is setting a deadline on the jury, and I understand that you have denied the motion and I will take exception to it."

Consequently, as a matter of record, we have a comment during trial which is unrecorded and no immediate corrective request by counsel, a later motion for mistrial while the jury was still being selected, and the recollective record comment of the trial court involving the nature of the incident.

Serious question exists whether this status settles the record as required by Rule 4.03, W.R.A.P. We have difficulty in considering that the transcribed exchange at a later date constitutes such settlement or compliance with the record requirement for presentation of a trial-occurrence issue on appeal to this court. See *Nicholls v. Nicholls*, Wyo., 721 P.2d 1103, 1105 (1986). In any event, if there is a record available by the subsequent trial court comment, it is at least presumed that it is a correctly stated account of what occurred in the absence of Rules 4.03 or 4.04, W.R.A.P. utilization. See *Cox v. General Electric Co.*, 302 F.2d 389 (6th Cir.1962); *Feaster v. Feaster*, Wyo., 721 P.2d 1095 (1986); *Car-*

*son Ready Mix, Inc. v. First National Bank of Nevada,* 97 Nev. 474, 635 P.2d 276 (1981). See also Rule 4.04, W.R.A.P. We would re-emphasize, as recently otherwise said in the divorce cases, that the waiver of a court reporter in any portion of the criminal trial is, at best, procedurally risky. *Nicholls v. Nicholls,* supra.

### Comment About Length of Trial Creating Error

Beyond answers to the claimed error in failure to provide a proper record, waiver by virtue of the lack of immediate objection, or request for cautionary questioning, the time-of-trial-conclusion comment will be addressed as the principal issue.

Experienced trial attorneys encounter a similar scenario regularly. Prospective jury members have commitments, and the court, in fairness to both litigants and to jurors, attempts to establish the likelihood of conflict. Normally the juror is excused if a serious time conflict is reflected where the circumstance is not one where a juror is attempting to escape jury service.

In estimating trial conclusion by Thursday, as suggested to the trial court by both counsel, it did not make any sense that deliberation of a two- to three-day trial could not be concluded before Monday, unless a hung jury might develop which would require a mistrial.

The direct answer to any undue pressure was trial conclusion on Thursday, including deliberation from some time in the afternoon after submission of the case to verdict time at 9:55 p.m. We fail to perceive undue pressure to anyone, including the appointment-conscious juror, when the case concluded on Thursday and the prospective conclusion time in any event would have been the following Monday.

Certainly any deadline could have been reconsidered if trial events later required.[1] It could as persuasively be contended that the prosecution more likely suffered, since the jury expeditiously resolved five counts by acquittal.[2] *Goolsby v. State,* Ala.Crim. App., 492 So.2d 635 (1986).

This is not the Allen-charge process sometimes otherwise discussed as the dynamite instruction, *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), as given by the trial court to expedite jury conclusion in the context discussed by both the majority and dissent in *Hoskins v. State,* Wyo., 552 P.2d 342 (1976), reh. denied 553 P.2d 1390, cert. denied 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977). The corrosive factors there reviewed cannot be claimed as factually present here.

Reasonable scheduling discussion and questions within the discretional responsibility of the trial court can hardly be considered to be coercive in attempting to accommodate various schedules.

Essential fairness as the predicate of the constitutional criminal-trial process surely is not in challenge here. *Aldridge v. United States,* 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054, 73 A.L.R. 1203 (1931); *Jahnke v. State,* Wyo., 682 P.2d 991 (1984). There is no trial court error to be found in this appeal.

Affirmed.

---

1. An interesting facet in this case is that since no record is available we do not know, and there is no way to tell, whether the particular juror who asked the question remained on the jury and was involved in the ultimate decision.

2. The sophistication of the jury may be evaluated by virtue of the selection of the foreman, an appeals officer for the Internal Revenue Service, who, in the course of deliberation, submitted a question to the judge "On each of the 6 counts, which was vaginal, which was oral and which was anal. Also, what is the sequence on each. /S/ Foreman." It may be hypothesized that the jury considered the entire event to be "one transaction." See *State v. Carter,* Wyo., 714 P.2d 1217, 1221 (1986), Urbigkit, J., dissenting.