Albert EDWARDS, Appellant
(Defendant),

v.

Linda EDWARDS, Appellee (Plaintiff).

No. 86–222.

Supreme Court of Wyoming.

Feb. 20, 1987.

Ronald A. Kastanek, Casper, for appellant.

Gloria J. Monroe of Monroe and Norman, P.C., Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal filed by Albert Edwards (father) from a judgment and decree awarding Linda Edwards (mother) a divorce from the father and custody of and support for the parties' minor child (Robert).

We affirm.

The father presents the following issues on appeal for our consideration:

1. "DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN REFUSING TO ADMIT INTO EVIDENCE APPELLANT'S OFFER OF PROOF AND/OR REFUSING TO ORDER INTENSIVE BACKGROUND INVESTIGATIONS AND PSYCHOLOGICAL TESTING OF APPELLEE, AS REQUESTED BY APPELLANT THROUGH HIS OFFER OF PROOF, BEFORE AWARDING CUSTODY OF THE PARTIES' MINOR SON, ROBERT EARL EDWARDS, TO APPELLEE?"

2. "DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN AWARDING CUSTODY OF THE PARTIES' MINOR SON, ROBERT EARL EDWARDS, TO APPELLEE WITHOUT AWARDING APPELLANT ADEQUATE VISITATION RIGHTS WITH AND TO SAID MINOR SON?"

3. "DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN FINDING THAT APPELLANT WAS ABLE–BODIED AS CONCERNS HIS ABILITY TO PROVIDE SUPPORT FOR THE PARTIES' MINOR SON, ROBERT EARL EDWARDS?"

On January 29, 1986, the mother filed her complaint for divorce from the father and prayed, inter alia, for custody of and support for Robert, one of the parties' minor children, who was then in her custody pursuant to an order of protection under

the Wyoming Family Violence Protection Act. The father answered the complaint, took Robert and another son of the parties to the State of Louisiana, and filed a petition for separation from the wife and for custody of Robert. The father was ordered to appear before the Wyoming court on June 13, 1986, to show cause why he should not be held in contempt for failure to return Robert as ordered in a previous hearing. The father did not appear as ordered, and the trial court entered an order adjudging the father in contempt for failure to return Robert to his mother.

The usual unfortunate interstate battle between the mother and the father for Robert's custody continues even though the mother was awarded custody of Robert and child support from the father in the judgment and decree of the trial court dated July 24, 1986.

The father's attorney appeared at the trial on the mother's divorce complaint and submitted the father's affidavit as an offer of proof that, among other things, he is totally disabled and cannot travel outside the State of Louisiana, that it is in the best interests of Robert that the father have custody, and that the mother should be granted custody only after she has been subjected to a very intensive background investigation and psychological testing. The judgment recites that the father's offer of proof was denied.

██ The father contends that the court erred when it refused to admit his affidavit into evidence; however, he has failed to present any argument or authority to substantiate his position. We have repeatedly stated that we will not consider issues which are not supported by cogent argument or authority. *Trout v. Wyoming Oil and Gas Conservation Commission,* Wyo., 721 P.2d 1047 (1986).

This Court then properly has before it for review only the pleadings and the judgment and decree as there are no transcripts of the hearings or trial before the court below.

██ The father also contends that the trial court erred when it failed to make a provision in the judgment and decree permitting him to exercise his right to visit Robert. The father asserted in his brief that this was merely an oversight on the part of the court and suggested to us in oral argument that, as a housekeeping matter, we should at least remand this case so the court could correct its mistake. This assertion and suggestion are made in the absence of any authority being offered showing that the father has a right to visit Robert and in the face of a record which reveals the father removed Robert from the jurisdiction of the court and was cited for contempt for failure to return Robert. This is not a cogent argument which deserves further consideration.

██ In order to consider the father's abuse of discretion issues, we must have a transcript of the evidence presented to the court relating to the custody and support of Robert. *Feaster v. Feaster,* Wyo., 721 P.2d 1095 (1986). The responsibility for presenting a sufficient record lies with the appellant. *Nicholls v. Nicholls,* Wyo., 721 P.2d 1103 (1986); *State v. Dieringer,* Wyo., 708 P.2d 1 (1985). In the absence of such a record, we have to assume that the court heard evidence from which it could find that the mother was a fit and proper person to have custody of Robert and that the father was physically able to provide child support for him. *Id.* at 12; *Sharp v. Sharp,* Wyo., 671 P.2d 317 (1983).

For the reasons stated above, we affirm the judgment and decree of the trial court in all respects.

Prior to the amendment of Rule 10.05, W.R.A.P., it was necessary to certify that there was good cause for an appeal or fees and costs would automatically be assessed against the appellant. *Hance v. Straatsma,* Wyo., 721 P.2d 575 (1986). The rule as amended requires a certification that there is no reasonable cause for appeal before a reasonable attorney's fee can be fixed and taxed as part of the costs to be assessed against the appellant.

We hereby certify that there is no reasonable cause for this appeal for the reason that the father has failed to either provide this Court with cogent argument or cite appropriate authorities to substantiate his claims. We also certify that there is no reasonable cause for this appeal for the reason that we are unable, without a factual record, to determine the abuse of discretion issues presented by the father. *Nicholls v. Nicholls*, 721 P.2d at 1106.

Having certified that there is no reasonable cause for this appeal, we find that $1,500 is a reasonable attorney's fee to be paid to the attorney for the mother as part of the costs taxed in this case.

Affirmed.