**Dolores L. CHEW, Appellant (Plaintiff),**

v.

**Edgar F. CHEW, Jr., Appellee (Defendant).**

**No. 91–175.**

Supreme Court of Wyoming.

Dec. 13, 1991.

Larry R. Clapp of Clapp and Associates, P.C., Casper and Gayla Lou Daniels, Casper, for appellant.

William W. Harden, Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

This appeal presents a divorce decree dispute about allocation of the husband's inheritance for court ordered property settlement when the case was not reported and settlement of the record, pursuant to W.R.A.P. 4.03, could not be accomplished.

### I. ISSUES

Appellant, Dolores L. Chew, finds as her issues:

1. Did the district court err as a matter of law when it ruled that the husband's funds obtained through an inheritance while the husband and wife were married [were] the husband's separate property and not part of the marital estate?

2. Did the district court abuse its discretion in failing to award the wife any portion of the inherited funds, thereby failing to provide for a division of the parties' marital property contrary to wife's exhibits?

Appellee, Edgar F. Chew, Jr., addresses the issue of abuse of discretion in trial court decision and adds a request for the award of attorney's fees for the appeal pursuant to this court's appellate rules.

We find no abuse of discretion demonstrated by the record presented, affirm the trial court and do not elect to grant attorney's fees for the appeal.

### II. FACTS

These litigants were married in 1948 and have three grown children. Apparently, according to uncontested statements in the appellate briefs, normal marital relations ended some ten years earlier before the trial court was asked by a complaint in 1990 to grant a divorce and divide the accumulated property of the parties. The only subject of dissention and disagreement was the property division. The fairness addressed in the divorce decree is now attacked to the extent that a 1986 inheritance by the husband was not factored into the divisional computation.[1]

---

1. The trial court computed a total marital estate of $118,400, awarded the wife the value and items totaling $92,900, the husband $25,500, and decreed an equalization payment from the wife to effect a result of equality by her payment of $33,700 ($25,500 plus $33,700 equals $59,200;

## III. DISCUSSION

We are presented the parenthetical question of what facts do we evaluate to assess abuse of discretion when there is no record of proceeding provided on appeal. This inquiry is exacerbated by the contentions raised *in this court* by a motion to strike and a motion to supplement the record where the *counsel* even disagreed about what exhibits should have been found in this record as received in evidence and *whether, as a witness, the litigant husband actually testified at the trial.*

For whatever moment it might provide, the husband's answers to interrogatories, which may or may not have been introduced into evidence, although designated as defendant's (appellee's) Exhibit 3, showed a stock portfolio valued at $14,690 which constituted the retained residual of the inheritance which was originally in the amount of $85,640. The balance, he asserted in the interrogatory, had been essentially expended in family gifts and living expenses except for the purchase of a 1987 motor vehicle. Apparently, from documents now presented, appellee wanted a payment for the distribution differential at $39,018.50 (defendant/appellee's Exhibit 4). Appellant argued for $15,173 and the trial court established that total at $33,700. The differential, if the answers to the interrogatories were used and pure mathematics applied, would adjust the trial court's decision by one-half of $14,690 ($7,345) and leave the judgment to total $26,355.

We cannot and will not determine that the trial court abused its discretion on this

state of the record or even attempt to establish a bright line rule for inclusion or exclusion of an inheritance in marital property settlement computation. *Paul v. Paul*, 616 P.2d 707 (Wyo.1980). Many factors might be incorporated into the decision, including commingling of assets, marital separation of the litigants for some significant time, uses of expended portions of the inheritance, resulting financial status of the parties, and general character of the marital estate requiring division. *Sellers v. Sellers*, 775 P.2d 1029 (Wyo.1989). We do not establish by this incomplete listing that any or all of these possible inquires should necessarily be considered. Furthermore, this opinion will not establish that some bright line rule with appropriate exceptions in the proper case could not be justified when evaluated in future litigation. In present review, the basic problem evolves from any assumption, factually undemonstrable, about what factors were considered by the trial court in its division and whether the result is reasonable. *Kane v. Kane*, 706 P.2d 676 (Wyo.1985); *Warren v. Warren*, 361 P.2d 525 (Wyo. 1961).[2]

This court has recently addressed this question of a requirement of a transcript record for proper review if contended abuse of discretion is raised. *Nicholls v. Nicholls*, 721 P.2d 1103 (Wyo.1986); *Feaster v. Feaster*, 721 P.2d 1095 (Wyo.1986).[3] To provide an answer for this abuse of discretion claim, those cases are dispositive. There is no proper basis presented in this

$92,900 minus $33,700 equals $59,200). Appellant argues that the total estate, including inheritance, was $140,000 of which the difference of $21,600 included "inheritance property" which should reduce the contributory burden of the wife to $15,173. (This computation is not clarified since one-half of $21,600 is $10,800 which would reduce the contributory burden to total $22,900).

2. Appellant properly recognizes the general rule in divorce decree property division that an inheritance can be considered in divisional decision. *Barney v. Barney*, 705 P.2d 342 (Wyo. 1985); *Gaskie v. Gaskie*, 188 Colo. 239, 534 P.2d 629 (1975); *Jackson v. Jackson*, 17 Conn.App. 431, 553 A.2d 631 (1989); *Earle v. Earle*, 13 Mass.App. 1062, 434 N.E.2d 1294 (1982); *Morse*

*v. Morse*, 174 Mont. 541, 571 P.2d 1147 (1977); *Weeks v. Weeks*, 124 N.H. 252, 469 A.2d 1313 (1983); *Winter v. Winter*, 338 N.W.2d 819 (N.D.1983); *Murphy v. Murphy*, 471 A.2d 619 (R.I.1984).

3. Appeal problems resulting from the absence of a complete record of proceedings are not confined to divorce cases as witnessed by the adoption by this court of the *Bearpaw* rule, W.R.A.P. 4.01. *See Bearpaw v. State*, 803 P.2d 70 (Wyo. 1990) and *Valdez v. State*, 727 P.2d 277 (Wyo. 1986). Issues in civil cases may similarly be foreclosed if aspects of the trial are excluded from court reporter participation, specifically including opening and closing arguments and voir dire examination.

appeal to reverse the trial court for contended abuse of discretion in property division when we are furnished neither a transcript of the evidence or proceeding nor some settlement of the record documenting the testimony pursuant to W.R.A.P. 4.03. *Overcast v. Overcast*, 780 P.2d 1371 (Wyo. 1989).

## IV. APPELLATE ATTORNEY'S FEES

The issue is extremely close, but considering the existent contributory burden for the wife to make the equalizing payment to the husband and the academically interesting issue presented regarding the effect of an inheritance on divorce decree property division, we will not award attorney's fees to the appellee in addition to the normally assessed appeal costs. Appeals in future divorce cases which test the abuse of discretion may not be similarly justified where no evidentiary record is provided for review by this court.

## V. CONCLUSION

We do not determine that divorce cases cannot, at the option of the individual litigants, be tried without the presence of a court reporter. However, if this course is chosen, the client should be advised in advance that rights of an effective appeal may be foreclosed and even greater problems created if modification of child support or custody should sometime later develop based upon contentions of changed circumstances. *Nicholls*, 721 P.2d 1103.

Affirmed.