**Lauretta June MAIR, Appellant (Plaintiff),**

v.

**Ernest Floyd MAIR, Appellee (Defendant).**

No. 91–193.

Supreme Court of Wyoming.

Jan. 8, 1992.

Lee Karavitis, Casper, for appellant.

Harry G. Bondi of Harry G. Bondi, P.C., Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant Lauretta June Mair (the wife) asserts the district court abused its discretion in dividing marital property as required by Wyo.Stat. § 20–2–114 (1987). She contends Appellant Ernest Floyd Mair (the husband) received a disproportionate share of the marital estate.

We affirm.

The parties lived together in the wife's home for more than a year prior to their marriage on November 25, 1982. They separated in March of 1990. The husband and the wife settled some of the property division issues, and the district court held a hearing for the purpose of settling those matters which were still in dispute. At the commencement of the hearing, the wife indicated that some disputes about personal property items existed; however, she also indicated that they were not "real substantial disputes." The real dispute was over a second car, a motor home, and $50,-000.

The divorce decree demonstrates that the wife received many of the home furnishings and the motor home. The parties owned two cars, and the wife wanted both of them. The wife received the 1987 Camaro, and the husband received the 1986 Mercury Cougar. The district court did not abuse its discretion by giving one car to the wife and one car to the husband.

The only remaining question which was presented to the district court is whether the wife should have received $50,000 in addition to the other property she received.

This issue arises primarily because, in 1988, the husband received an inheritance from his father's estate which had an appraised value of $319,000. At the time of the divorce, the husband had a considerable amount of this money left, including portions of the money he had invested in a small business operated by him and owned in his name. The wife conceded that the

inheritance was her husband's separate property. Her assertions were that she was leaving an eight-year marriage with less than she had when she entered it, despite the fact she had contributed significantly to the martial property pool with money she received from her employment. She also claimed that she had medical problems which she had to neglect because she could no longer afford treatment.

The wife received the home she owned prior to their marriage (it had been sold under a contract for deed, and she was receiving the proceeds of that sale), as well as the home the parties acquired during their marriage (it was encumbered with a mortgage of approximately $32,000). She also received a car worth about $12,000 which the husband purchased for her out of his inheritance. The district court awarded her many, if not most, of the home furnishings. The home furnishings she did not receive were those the husband received as part of his father's estate. The husband was required to pay all the wife's outstanding medical bills. The wife was employed on a part-time basis and was apparently capable of working full time.

■ We have repeatedly held that the division of marital property is within the discretion of the trial court, and, absent a manifest abuse of that discretion, we will not disturb the result. *Williams v. Williams,* 817 P.2d 884 (Wyo.1991); *Blanchard v. Blanchard,* 770 P.2d 227 (Wyo.1989). Because the wife did not claim a portion of the husband's inheritance, we cannot attempt to establish a bright line rule on whether she was entitled to a portion of that inheritance in this case. *See Chew v. Chew,* 821 P.2d 582, 583 n. 2 (Wyo.1991).

We are unable to perceive any abuse of discretion by the district court in the division of the marital property in this case.

Affirmed.