Ronald D. UNDERKOFLER,
Appellant (Plaintiff),

v.

Guadalupe Victoria UNDERKOFLER,
Appellee (Defendant).

No. 92–28.

Supreme Court of Wyoming.

July 8, 1992.

Lisa C. Sweeney of Sweeney Law Office, Laramie, for appellant.

Gregory A. Phillips of Phillips Law Offices, Evanston, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT,* and GOLDEN, JJ.

MACY, Chief Justice.

Appellant Ronald D. Underkofler, the husband in this divorce action, challenges the district court's decree fixing his child support payments at $300 per month, awarding certain property to Appellee Guadalupe Victoria Underkofler, the wife, as well as granting attorney's fees on behalf of the wife.

We affirm in part and remand in part.

The husband presents these issues:

* Chief Justice at the time of oral argument.

I. Whether the trial court abused its discretion by not appropriately applying the Wyoming child support guidelines in this case in determining the initial child support obligation of [the husband]?

II. Whether the trial court erroneously awarded property to [the wife]?

[III]. Whether the court abused its discretion by awarding alimony to [the wife]?

[IV]. Whether the court erred in awarding [the wife] $1,000 in attorney's fees?

The parties solemnized their marriage in December 1978. They had three children, the youngest child being a minor at the time of the divorce action. The parties agreed that the wife would have custody of the minor child and that the husband would pay child support.

■ The principal issue in this case is whether the district court abused its discretion by setting the child support payments at $300 per month or twenty percent of the husband's net income, whichever was greater. The husband contends that the district court abused its discretion in failing to strictly apply the child support guidelines found in Wyo.Stat. § 20-6-304 (Supp. 1991). He presented himself as earning a net income of much less than $1,500 per month. On the basis of the evidence it heard, the district court presumed that the husband earned at least $1,500 per month. The husband's testimony was that in 1990 he earned just over $5,000 and won a lottery prize of $5,000. But the district court also considered the fact that the husband spent the entire proceeds of an $11,000 certificate of deposit during that time. The husband contends in his reply brief that the $11,000 cannot be considered as income. The governing statute does not support his reasoning. *See* Wyo.Stat. § 20-6-301(a)(i) (Supp.1991). The husband's overall lack of credibility was well displayed in the record. He withdrew the $11,000 certificate of deposit just before he filed for divorce, he transferred virtually all his other valuable personal property to others, and he was not

able to produce any substantial evidence to show that consideration had been paid for the property. The record also manifested the husband's ability to earn much more than he testified that he earned, and the reality was that the husband simply was not "working" or that, if he was working, his income was easily concealable. The district court concluded that, if it were to set child support payments at a percentage of the husband's income, it would be performing a futile act, for in all likelihood the husband's support obligation would be nothing. Under these circumstances, we detect no abuse of discretion. *See Hasty v. Hasty*, 828 P.2d 94 (Wyo.1992); and *Morehead v. Morehead*, 811 P.2d 721 (Wyo. 1991). The district court fulfilled the requirements for deviation from the child support guidelines, and we affirm the level of child support assigned by the district court. *See* Wyo.Stat. § 20–6–302(b) (Supp. 1991).

The husband contends that the district court abused its discretion by awarding most of the marital property to the wife. Taking into consideration the husband's property transfers to others, his expenditure of the proceeds of the certificate of deposit, and his failure to support his wife and minor child during the pendency of the divorce action, we are unable to hold that the district court abused its discretion. We affirm the district court's award of the property. *See Mair v. Mair*, 823 P.2d 538 (Wyo.1992).

The husband contends that the district court abused its discretion by awarding alimony to the wife of one dollar per month. In making the award, the district court indicated that the allowance was designed to provide a mechanism for compensating the wife in the future should she discover that the husband had concealed or transferred other marital assets of which the wife was not aware at the time the decree was entered. A district court has discretion to decree reasonable alimony. Wyo.Stat. § 20–2–114 (1987). The district court also has statutory authority to revise a decree with respect to the amount of an alimony award. Wyo.Stat. § 20–2–116

(1987). Our jurisprudence establishes that a change of circumstances is necessary for that authority to be invoked. *Dorr v. Newman*, 785 P.2d 1172, 1178 (Wyo.1990). The decision to modify an alimony award is an exercise of discretion which will not be adjusted on appeal absent an abuse of that discretion. *Id.; Parry v. Parry*, 766 P.2d 1168, 1171 (Wyo.1989). It is apparent from the record that the district court, in establishing child support and alimony amounts, took into account property and income available to the husband. It is also evident that the district court might have awarded increased child support and/or alimony payments if other property or income had been available for that purpose. We hold that the award of alimony was reasonable and that no abuse of discretion exists under these circumstances. While the district court articulated a premise upon which it would likely adjust the alimony amount, the existence of any change of circumstances could serve to justify revision of the alimony award. Section 20–2–116.

The husband also contends that the district court erred in awarding attorney's fees to the wife without requiring sufficient evidence to demonstrate the reasonableness of those fees. We cannot disagree with that objection because we have frequently held that the record must contain such evidence. However, the district court made the award without giving the wife a full opportunity to enter such evidence on the record. Therefore, we vacate that portion of the decree awarding the attorney's fees with directions that the district court consider an award of attorney's fees after the wife has had the opportunity to submit sufficient evidence to establish the reasonableness of such fees. *See Delgado v. Delgado*, 773 P.2d 446 (Wyo.1989).

Affirmed, with the exception of the remand necessary to more fully consider the matter of attorney's fees.