**John Clarence PHIFER, Appellant (Defendant),**

**v.**

**Kathryn A. PHIFER, Appellee (Plaintiff).**

**No. 92–86.**

Supreme Court of Wyoming.

Jan. 8, 1993.

Ronald G. Pretty, Cheyenne, for appellant.

Robert L. Nelson of Robert L. Nelson & Associates, Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

We must decide whether evidence is present in the record to support the district court's determination that a child was not emancipated so as to relieve the husband, John Clarence Phifer, of the obligation to make child support payments, whether the district court abused its discretion in not reducing the amount of the child support payments, and whether the district court erred in requiring the husband to pay a portion of the attorney's fees for the wife, Kathryn A. Phifer. We must also address a claim for costs, fees, and a penalty under W.R.A.P. 10.05.

We affirm.

The husband states these issues:

ISSUE I: Did the court err by ruling that Angela Phifer was not emancipated?

ISSUE II: Did the court err by not reducing the [husband's] monthly child support obligation?

ISSUE III: Did the court err by ordering the [husband] to pay the [wife's] attorney's fees?

The wife phrases the issues:

I. Whether the District Court properly ruled that Angela Phifer is not emancipated.

II. Whether the District Court properly declined to reduce the monthly child support obligation.

III. Whether the District Court properly allowed the [wife] to present evidence at the second hearing as to the reasonableness of attorney fees incurred in bringing a contempt proceeding against the [husband] for failure to pay his child support and medical support benefits.

IV. Whether this Court can certify that there was no reasonable cause for this appeal and there should be taxed as part of the [husband's] costs a reasonable fee to be paid to the [wife] for damages and costs incurred.

The parties were divorced by a decree entered on January 13, 1982. Custody of the parties' two children was placed with the wife. The decree provided that the husband would make child support payments until "the minor children reach the age of majority, marry, or become otherwise emancipated." In 1988, the wife sought an increase in the amount of the child support payments. After considerable wrangling, the parties reached an agreement, which was reduced to an order entered on June 19, 1989, to increase the child support obligation from $225 a month per child to $275 a month per child.

In 1991, the husband stopped making the child support payments altogether, and the wife sought a finding of contempt. She also sought a judgment for past-due child support, issuance of an income withholding order, and an award for her attorney's fees. A court commissioner initially heard the matter, and he forwarded his recommendations to the district court on November 13, 1991. The court commissioner recommended that the district court enter a judgment against the husband for past-due child support in the amount of $4,600 and

for past-due medical support in the amount of $70.25; that the husband be held in contempt but that no penalty be imposed; that the wife have a judgment for $400 in attorney's fees; and that an income withholding order be issued. On November 18, 1991, the husband filed objections to the court commissioner's report, calling into question each recommendation made by the commissioner. In particular, he contended that he should not have to pay past or future child support payments for the parties' eighteen-year-old daughter because she was "emancipated" as contemplated by the divorce decree. On November 20, 1991, the husband also filed a motion to reduce his child support obligation, contending that his income had declined precipitously. The district court returned the matter to the court commissioner for further consideration. On January 30, 1992, the court commissioner issued additional findings and recommendations after hearing additional evidence. The husband objected to that report.

After reviewing the entire record, the district court issued its order which denied the husband's motion to reduce his child support obligation; found that the older child, who was a minor, was not emancipated; gave a judgment to the wife for past-due child support in the amount of $5,425 and for past-due medical support in the amount of $85.80; awarded attorney's fees to the wife in the amount of $920.51; and issued an income withholding order. The husband appeals from that order.

The record demonstrates that the child, who the husband contended was emancipated, was eighteen years old at the time of the October 6, 1991, hearing. She was not married. She had graduated from high school and was not living at home. She had a part-time job and paid some of her own living expenses. She had attended college but dropped out. She was not financially independent from her mother, who did her laundry, furnished her meals, drove her to and from her part-time job, and paid many of the child's expenses. On the basis of this evidence, the husband contends that the district court erred in finding that the child was not emancipated,

though he was, at best, equivocal with regard to this question in his own testimony at the hearing.

It is readily evident from the record that the father took it upon himself to "interpret" the divorce decree's meaning. Although he stopped making child support payments altogether, he attempted to justify a portion of his arrears, contending that his daughter was emancipated. We have espoused the following principle:

> [A] party who seeks to reduce an indivisible order of child support because of the fact that some of the children had been emancipated should petition the court for modification rather than unilaterally reducing his payments. "We think it a high-risk adventure for a party to the action to take it upon himself to interpret a decree of court, particularly in view of the continuing accessibility of the court." The same rationale pertains in this instance. If we were to permit the obligor to make a unilateral modification of the support requirements in the divorce decree, that would divest the trial court of its discretion to determine whether its previous order of support should be modified in accordance with the particular circumstances of the case.

*Hinckley v. Hinckley*, 812 P.2d 907, 911 (Wyo.1991) (quoting *Redman v. Redman*, 521 P.2d 584, 587–88 (Wyo.1974)).

When a child needs care, custody, and maintenance, the child is not emancipated, and the duty to provide support continues. *Broyles v. Broyles*, 711 P.2d 1119, 1127 (Wyo.1985). In this instance, we perceive that the evidence was sufficient to support the district court's conclusion that the child was not emancipated.

The husband contends that the district court erred in not reducing the amount of his child support obligation because his employment had been interrupted—he was unemployed and in jail for a time because of a driving-while-intoxicated conviction. The record readily supports the district court's decision to deny modification, and we detect no abuse of discretion. In his brief, the husband admits that he is once again fully employed. At the hearing, evidence established that the hus-

band received a substantial income even while he was not employed and that he owned thousands of dollars in assets which could have been used to make the child support payments. *See Underkofler v. Underkofler*, 834 P.2d 1140 (Wyo.1992).

Finally, the husband contends that the district court should not have awarded attorney's fees to the wife and that the husband was penalized because he challenged the court commissioner's report and had to pay even more attorney's fees. None of the issues raised in these proceedings, including the attorney's fees issue, was decided until the district court issued its order. The fact that the wife availed herself of the opportunity to present evidence in contravention of the husband's objections, as well as to his motion to reduce his child support obligation, cannot serve as a launching pad for error. *See Foster v. Foster*, 768 P.2d 1038 (Wyo.1989). Under these circumstances, the district court's award of attorney's fees is not an abuse of discretion. *Underkofler*, 834 P.2d at 1142.

The wife contends that this Court should award costs and penalties as provided in W.R.A.P. 10.05, because no reasonable cause existed for the appeal. We agree. We hereby certify that no reasonable cause exists for this appeal for the reason that the husband failed to provide this Court with cogent argument, complete citation to the record, or pertinent authorities to substantiate his claims of error. *Edwards v. Edwards*, 732 P.2d 1068, 1071 (Wyo.1987). The wife shall submit a statement of costs and attorney's fees to this Court, and, upon review, an appropriate award of costs, fees, and penalty will be ordered by this Court.

Affirmed.

CARDINE, Justice, partially dissenting and concurring in result only.

I dissent from that portion of the opinion awarding attorney fees on appeal and otherwise concur in the result only.